SAMUEL M. MARKEL, Plaintiff in Error, v. THE WESTERN UNION TELEGRAPH COMPANY, Defendant in Error.

Kansas City Court of Appeals, October 26, 1885.

1. CONTRACT—CONSIDERATION—ACTION FOR BENEFIT OF PARTY NOT PRIVY TO.—It is settled law in this state that an action lies upon a contract made by a defendant for the benefit of a plaintiff, although the plaintiff was not privy to the consideration. *Rogers v. Gosnell,* 56 Mo. 590, and cases cited. Where the benefit to the plaintiff would be *incidental* to carrying out the contract, but *was not the cause* of making the contract, the plaintiff cannot maintain an action for its breach.

2. TELEGRAPH COMPANIES—LIABILITY FOR SPECIAL DAMAGES UNDER SECTION 887, REVISED STATUTES.—Section 887 of the Revised Statutes of this state, providing that "telephone or telegraph companies shall be liable for special damages, occasioned by the failure or negligence of their operators or servants in receiving, copying, and delivering dispatches," is almost identical with the statute of Indiana on the same subject. This section is broad enough to authorize a person to whom a dispatch is sent to recover, in a proper case, though the relation of contractors does not exist between him and the company. (And this is the construction given by the supreme court of Indiana to their statute. *Tel. Co. v. Fenton,* 52 Ind. 3). But the special damages must be the natural and direct consequence of the defendant's failure of duty.

ERROR to Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Reversed and remanded.*

In this case there was a demurrer to the petition, which was sustained, and the plaintiff elected to stand upon his petition, and has brought the case here by writ of error.

DONIPHAN & REID, for plaintiff in error.

I. The only question presented on the demurrer was—can the plaintiff, as the *receiver* of this message, maintain this suit? We maintain he can. He was the party

injured by defendant's failure of duty. The following authorities are conclusive upon the question. Law of Telegraphy by Scott & Jarnagan, sects. 177, 178, 179 ; Gray's Com'n by Telegraph, sects. 66, 70 ; 2 Thompson on Negligence, 835, sect. 1 ; 847, sect. 11 ; 3 Sutherland on Damages, 314 ; 6 Wait's Actions and Defences, 6–17 ; *Tel. Co. v. Fenton,* 52 Ind. 3, 4; *Aiken v. Tel. Co.,* 5 S. C. 358 ; *Union Tel. Co. v. Hope,* 11 Ill. App. 289 ; *Elwood v. W. U. Tel. Co.,* 45 N. Y. 549 ; Allen's Telegraph cases, 594, 661 ; *Tel. Co. v. Dryburg,* 35 Pa. St. 298 ; *Lane v. Montreal Tel. Co.,* N. C. C. P. 23 ; *Manville v. W. U. Tel. Co.,* 37 Iowa 214; *Sweatland v. Tel. Co.,* 27 Iowa 445 ; *Turner v. Tel. Co.,* 41 Iowa 458; *Ellis v. Am. Tel. Co.,* 13 Allen 228, *et seq.; May v. W. U. Tel. Co.,* 112 Mass. 90 ; So *Relle v. W. U. Tel. Co.,* 40 Am. Rep. 806 ; *Bank v. Tel. Co.,* 30 Ohio 555 ; *Bank of California v. W. U. Tel. Co.,* 52 Cal. 280 ; *Elwood v. W. U. Tel. Co.,* 45 N. Y. 552.

II. This suit is maintainable under the statutes of this state. Rev. Stat., sects. 887, 883 ; 13 Allen 231, *supra ;* 2 Thomp. on Neg. 835 ; 3 Sutherland on Dam. 314 ; 112 Mass. 93, *supra ;* 35 Pa. St. 298, *supra ;* 40 Am. Rep. 806, *supra.*

III. The message indicated its importance to plaintiff upon its face. In addition to which the company was informed of this fact when it received the message for transmission. 3 Sutherland on Damages, 310, 311 ; 55 Pa. St. 262 ; 41 N. Y. 544 ; 44 *Ib.* 262 ; 45 *Ib.* 749. And this is alleged in the petition and admitted by the demurrer. The petition, then, is clearly one *in tort* for the failure to discharge its public duties, created by the statute, and for the recovery of the special damages suffered by the plaintiff.

STRONG & MOSMAN, for the respondent.

I. The plaintiff is not entitled to maintain this action. *Kinealy v. St. L. & C. Ry. Co.,* 69 Mo. 666 ; Field on Damages, sect. 39 ; Wharton on Negligence,

sects. 438, 439; Bigelow on Torts (student's series) 377; *Davidson v. Nichols*, 11 Allen 514; *Losee v. Chute*, 51 N. Y. 494; *Loop v. Litchfield*, 42 N. Y. 351.

II.   Whatever contract was made by Marshall in sending the dispatch was made for the benefit of himself, with no intent that it should inure in any respect to the benefit of plaintiff.   On such a contract plaintiff cannot sue.   *Gardner v. Armstrong*, 31 Mo. 535; *Bark v. Rice*, 107 Mass. 37; *Playford v. N. K. Tel. Co.*, 17 L. T. (N. S.) 243; *Dickson v. Reuter Tel. Co.*, 2 C. P. Div. 62; s. c. 3 C. P. Div. 1.

III.   There can be no pretense that defendant violated any duty prescribed by section 883, Revised Statutes.   Besides, any neglect of the provisions of that section must be sued for and recovered by the sender. Section 887, Revised Statutes, was never intended to give an action to a party who theretofore was not entitled to maintain one.   To him who, by the common law, was entitled to sue for *general* damages, it gave the right to sue for *special* damages.   Statutes should be construed "according to the intent and meaning, not always according to the letter."   *Perry Co. v. Jefferson Co.*, 94 Ill. 214; *State v. Develing*, 66 Mo. 375; Potter's Dwarris, 184, 185.   The damage complained of here is apart from the object of the statute, and the action is not maintainable.   *Hall v. Brown*, 54 N. H. 495; *Metallic Co. v. R. R. Co.*, 109 Mass. 277; *Evans v. Ry. Co.*, 62 Mo. 49; *Bell v. Ry. Co.*, 72 Mo. 50; *Proctor v. Ry. Co.*, 64 Mo. 412.

IV.   The loss sustained by plaintiff was not the natural, direct, and proximate consequence of the defendant's alleged failure.   The damage does not flow directly from the breach of the contract.   *Leonard v. Tel. Co.*, 41 N. Y. 544; *Beaupir v. Tel. Co.*, 21 Minn. 155; *Squires v. Tel. Co.*, 98 Mass. 232; *Candee v. Tel. Co.*, 34 Wis. 471; Wood's Mayne on Damages, 82.

V.   The pleadings show that it was the direct result of plaintiff's own act.   Wood's Mayne on Damages, 94; *Henry v. Ry. Co.*, 76 Mo. 294; *Baldwin v. Tel. Co.*,

45 N. Y. 744. If the default is only by operation of some other intervening cause, the default would be only *remote.* *Bank v. Tel. Co.,* 30 O. S. 555; *State ex rel., etc., v. Finn,* 11 Mo. App. 400; *McCall v. W. U. Tel. Co.,* 44 N. Y. 487.

VI. There was no such information furnished defendant as to lead it to contemplate that it was subjecting itself to liability to be sued by this plaintiff, with whom it had no contractual relations. *Tel. Co. v. Gildersleeve,* 29 Md. 232; *Kinghome v. Tel. Co.,* 18 N. C. Q. B. 60; *Beaupir v. Tel. Co.,* 21 Minn. 155; *Candee v. Tel. Co.,* 34 Wis. 471.

HALL, J.—The petition in this case, omitting the formal parts, is as follows:

"Plaintiff, for cause of action, states that the defendant is a corporation organized and incorporated under the laws of Missouri, and engaged in the business of telegraphing. That on November 17, 1882, the following message was taken to the office of defendant, in St. Joseph, to-wit:

"'St. Joseph, Mo., Nov. 17, 1882.
"'To S. M. Markel, Helena, Arkansas:

"'Send to mouth St. Francis if not there. Will pay six and half, foot piling forty feet long; six, under; delivered Wilson's Landing, Louisiana.

"'W. L. MARSHALL,
"'Capt. Engineers, Vicksburg, Miss.'

"That defendant was informed that said message was of great importance to plaintiff, and defendant was then requested to use the utmost dispatch possible in transmitting and delivering the same. That the usual charge for transmission of messages from St. Joseph, Mo., to the point named in the message was charged by, and then and there paid to defendant. And defendant then and there undertook for and in consideration of the sum so paid, to transmit and deliver, with due and proper dispatch and diligence, said message to this plaintiff. But plaintiff alleges that defendant failed in its said un-

dertaking in this, that it did not with due and proper dispatch and diligence transmit and deliver said message to plaintiff at the point therein mentioned, but was guilty of great delay and negligence and carelessly and negligently failed to transmit and deliver said message to plaintiff until November 21, 1882. Plaintiff states that on November 17, 1882, the date when said message was given to defendant to send as aforesaid stated, he was at the mouth of the St. Francis river, Arkansas, only ten miles from said Helena, endeavoring to sell the piling mentioned in said message at the most advantageous price he could obtain, said piling being the property of this plaintiff. That during the 17th, 18th, 19th and 20th of November, 1882, plaintiff had declined to sell at the terms he was offered. That finally, on the forenoon of November 21, being offered something in advance of the days previous, he concluded a contract of sale of said piling at three cents per lineal foot. That shortly after said contract had been closed, the said telegram was delivered to him by defendant, offering him six and six and one-half cents per lineal foot for the same piling. That in consequence of the failure and neglect of defendant to transmit and deliver said message to him faithfully and with diligence and due and proper dispatch, he lost the benefit of the terms proposed to him in said message. That plaintiff was injured in consequence thereof, in the difference between three cents per lineal foot for said piling and six and six and one-half cents therefor, amounting to the sum of $1,991.50. That said sum was demanded of defendant on December 15, 1882, but defendant has failed and refused to pay the same. Wherefore, plaintiff demands judgment against defendant in the said sum of $1,991.50, and interest and costs of suit.''

To this petition defendant demurred, for the reason that the petition did not state facts sufficient to constitute a cause of action. The demurrer was sustained. The plaintiff elected to stand upon his petition, and has brought the case here on a writ of error.

The plaintiff claims that the petition states a good cause:

"1. Because, although the plaintiff was the person to whom the message was addressed, he was the one interested in its diligent transmission and delivery, and the message showed upon its face that it was for the benefit of the plaintiff.

"2. Because, the petition there is clearly one in tort for the failure to discharge its public duties, created by statute, and for the recovery of the special damages suffered by plaintiff."

These two positions, the one being based upon a contract, and the other upon a tort, are, perhaps, inconsistent. We shall consider them in their order.

## I.

It is settled law in this state that an action lies upon a contract made by a defendant for the benefit of a plaintiff, although the plaintiff was not privy to the consideration. *Rogers et al. v. Gosnell*, 58 Mo. 590, and cases cited. But to give a plaintiff the right to sue for the breach of a contract, the contract itself must be made for his benefit. Where the benefit to the plaintiff would be incidental to carrying out the contract, but was not the cause of making the contract, the plaintiff cannot maintain an action for its breach. Communication by Telegraph (Gray) 119 and 120.

The petition alleges that the defendant was informed that the message was of great importance to plaintiff, but the petition does not aver that the defendant entered into a contract to transmit and deliver the message for the benefit of the plaintiff. But, on the contrary, upon the face of the message it is shown that it was sent for the benefit of the sender thereof, W. L. Marshall, and that any benefit that was to accrue to the plaintiff was incidental to, rather than the cause of, the message being sent. For this reason we do not think that the position taken by the plaintiff under this point is tenable.

## II.

Section 887, Revised Statutes, provides that : "Every telephone or telegraph company now organized, or which may be hereafter organized under the laws of this state, shall be liable for special damages occasioned by the failure or negligence of their operators or servants in receiving, copying, transmitting, or delivering dispatches * * * ."

The position of plaintiff under this point is, that the defendant owed the plaintiff, to whom the message was sent, a duty not created by contract but imposed by the above statute, to transmit and deliver the message to him with due care ; and that for a failure to so do the defendant is liable to him for the special damages caused to him by such failure.

The following Indiana statute has been construed by the supreme court of that state : "Telegraph companies shall be liable for special damages occasioned by failure or negligence of their operators or servants, in receiving, copying, transmitting, or delivering dispatches ; or for the disclosure of the contents * * * ."

In construing that statute the Indiana court said : "This section is broad enough to authorize a person to whom a dispatch is sent to recover, in a proper case, though the relation of contractors does not exist between him and the company."

Our statute and the Indiana statute are almost identically the same. We adopt the construction of the Indiana statute as the proper construction of our statute. The position of plaintiff under this point, in our opinion, is well taken.

But the special damages must be the natural and direct consequence of the defendant's failure of duty.

The defendant contends that the special damages pleaded in the petition did not result naturally or directly from defendant's failure ; that they are remote ; and that, as shown by the petition, they were caused by the independent action of the plaintiff himself in selling the piling before the receipt of the message.

The facts alleged in the petition are admitted by the demurrer to be true. The message was clear, plain, and unambiguous in its terms and meaning; the object for which it was sent was self-evident; and the importance it might be to plaintiff was easily understood. The defendant negligently failed to transmit and deliver the message to plaintiff, and he, on account of the failure to receive the offer contained in the message, of six and one-half and six cents per foot for his piling, sold it for three cents per foot, whereas, had he received such offer before so selling, he would have accepted it.

This message was an unconditional offer, and of itself authorized plaintiff to deliver piling in pursuance of its terms and to receive the prices therein named. The mere delivery of the piling at the designated place would have entitled plaintiff to the price named in the message. The offer contained in the message accepted by plaintiff would have become a contract. It was, or was not a contract, as the plaintiff chose; and it is admitted that the plaintiff would have accepted the offer. The plaintiff's acceptance alone was necessary; no other act was needed.

Under these facts, we think that the special damages were the natural and direct consequence of the defendant's failure to discharge its duty.

The argument of defendant that, between the defendant's failure to discharge its duty, and the plaintiff's special damages, the latter's independent action in selling the piling intervened, is not sound. The plaintiff acted, it is true; but his action was not independent; it was influenced and controlled by defendant's failure to discharge its duty.

In the case of *The Western Union Telegraph Company v. Fenton, supra,* it is said: "With regard to the damages, they are neither remote nor speculative. We gather from the evidence that the plaintiff would have realized from the employment at least one hundred and fifty dollars per month; and it is clear that, but for the alleged negligence of the defendant in failing to deliver

the dispatch in a reasonable time, he would have obtained the employment. His failure to receive the employment was the direct result of the delay in delivering the dispatch."

We are of the opinion that the circuit court erred in sustaining the demurrer to the petition.

The judgment of the circuit court is reversed and the cause is remanded. All concur.