## THE WESTERN UNION TELEGRAPH COMPANY v. CHARLES BERINGER.

### No. 3455.

1. **Telegraphic Message—Contract.**—A brother-in-law of plaintiff telegraphed him at Gonzales from New Braunfels, about sixty miles distant, by the appellant: "Your father died to-day; come at once." The charge was paid by the sender. The message was sent about 1:30, and was not delivered until about 1 o'clock the next day. Plaintiff by reason of the delay did not reach New Braunfels until after the burial of his father. *Held*, it was evident that the message was sent for the benefit of the plaintiff. He accepted it and acquired a right to recover for the breach of the contract made for his benefit. It was not material by whom the compensation for sending the message was paid.

2. **Mental Anguish as Basis for Damages.**—It has been repeatedly decided by this court that compensation for mental anguish may be recovered in such cases.

3. **Verdict Not Excessive.**—A verdict for $1475 is not excessive so as to be a ground for reversal for the son's mental suffering in not reaching his father before the burial, caused by the delay.

APPEAL from Gonzales. Tried below before Hon. GEO. MCCORMICK. The opinion states the case.

*Harwood & Harwood*, for appellant.—1. Mental suffering and injury to the feelings caused by the negligence of the defendant are not sufficient of themselves as subjects for the recovery of damages, unless accompanied by some pecuniary loss on a violated contract or some actual or physical injury to the party suing. Railway v. Levy, 59 Texas, 563; Stuart v. Tel. Co., 66 Texas, 580; Loper v. Tel. Co., 70 Texas, 689; Tel. Co. v. Cooper, 71 Texas, 507; Tel. Co. v. Richardson, 79 Texas, 649; Tel. Co. v. Jones, 81 Texas, 271.

2. The court erred in refusing to give the special charges asked by defendant as to the necessity for a contract between plaintiff and defendant for sending the message, or actual pecuniary loss resulting to plaintiff from failure to deliver the message, being a necessary prerequisite to recover for mental suffering; and as to whether, if the message was sent for the benefit or gratification of the sender or that of the other members of the Beringer family, the plaintiff could sue in this action. Railway v. Levy, 59 Texas, 563; Stuart v. Tel. Co., 66 Texas, 580; Loper v. Tel. Co., 70 Texas, 689; Tel. Co. v. Cooper, 71 Texas, 507; Tel. Co. v. Richardson, 79 Texas, 649; Tel. Co. v. Jones, 81 Texas, 271.

3. The judgment is excessive.

*Fly & McNeal*, for appellee.—1. Mental suffering arising from a wrongful or negligent act is actual damage, and can, upon proper facts, be recovered on as such. Stuart v. Tel. Co., 66 Texas, 580; Tel. Co. v. Adams, 75 Texas, 531; Tel. Co. v. Richardson, 79 Texas, 649; Railway

v. Smith, 63 Texas, 327; Tel. Co. v. Broesche, 72 Texas, 654; Tel. Co. v. Moore, 76 Texas, 66.

2. The plaintiff in the court below was the party to be accommo-dated, benefited, and served by the telegram, and if he sustained dam-age by a breach of the contract to transmit and deliver the message, the right of action was in his favor. Tel. Co. v. Adams, 75 Texas, 531.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover damage for the failure of appellant to promptly transmit and deliver a telegraphic message. The plaintiff lived in Gonzales County, Texas, some fifty or sixty miles from New Braunfels, at which place his father died on the 26th day of August, 1890, about 12 o'clock m.

One Kohlenberg, who was plaintiff's brother-in-law, at 1:30 o'clock p. m. of the same day delivered to defendant's agent at New Braunfels a message to be transmitted to plaintiff informing him of the death of his father, and directing him to "come up at once." The message was not delivered to the plaintiff until about 1 o'clock p. m. of the next day. If the message had been delivered promptly the plaintiff could have reached New Braunfels before his father was buried. When he did receive it he went immediately there, but did not arrive until after the burial. The defendant's charge for sending the dis-patch was 25 cents, which was paid by Kohlenberg.

Plaintiff claimed compensation for mental anguish caused by his failure to see the remains of his father and to be present at his burial. A judgment was rendered for the plaintiff, upon the verdict of a jury, for $1475.

The grounds of error relied upon for a reversal of the judgment are substantially as follows:

1. That the petition failed to show that there was a contract made with plaintiff for the sending or delivery of the message.

2. That mental suffering and injury to feelings are not grounds for the recovery of damages unless they are accompanied by some pecun-iary loss on a violated contract or some actual or physical injury to the party suing.

Substantially the same propositions are presented by appellant in different forms, all of which are settled by former decisions of this court.

It is evident that the dispatch was sent for the benefit of plaintiff. He accepted it, and acquired a right to recover for the breach of the contract made for his benefit by Kohlenberg, notwithstanding the fact that he had not previously constituted him his agent for the purpose. It was not material by whom the defendant's compensation for sending the message was paid, nor whether it was subsequently paid or re-funded to the sender, so far as a right of action for damages is con-cerned. Tel. Co. v. Adams, 75 Texas, 531.

It has been repeatedly decided by this court that compensation for mental anguish may be recovered in such cases. Stuart v. Tel. Co., 66 Texas, 580; Tel. Co. v. Moore, 76 Texas, 66; Tel. Co. v. Richardson, 79 Texas, 649.

We do not feel that we would be justified in reversing the judgment on the ground that the amount found by the verdict is excessive.

The judgment is affirmed.

*Affirmed.*

Delivered March 18, 1892.