Western Union Telegraph Company v. Peter Thompson,
Next Friend.

Delivered April 2, 1898.

**1. Telegraph Company—Damages.**

An instruction in an action for damages against a telegraph company permitting the plaintiff to recover such sum as will compensate her for any physical suffering occasioned by being deprived of the privilege of attending the burial of her sister is erroneous where there is no evidence to show physical suffering, as it can not be inferred from the mere fact that she was denied such privilege.

**2. Same—Mental Suffering—Proof of.**

An instruction in an action for damages against a telegraph company permitting the plaintiff to recover for any mental suffering occasioned by being deprived of the privilege of attending the burial of her sister, which is alleged in the petition, is proper, although there is no express evidence of mental suffering, as that may be inferred from the fact that she was deprived of such privilege.

**3. Same—Inaccuracies in Telegram.**

The matter of inaccuracies in a telegram should not be submitted to the jury where they did not contribute to the delay in the delivery of the message, and such delay is the real ground for recovery.

Appeal from Bosque. Tried below before Hon. J. M. Hall.

*Geo. H. Fearons* and *A. H. Field,* for appellant.

*W. M. Knight,* for appellee.

Hunter, Associate Justice.—The court charged the jury: "If you find for the plaintiff, you will allow her damages in such a sum of money as will, in your opinion, compensate her for the mental and physical suffering occasioned by being deprived of being at the burial of her sister."

The only evidence of damages contained in the record is in the plaintiff's testimony, as follows: "I did not go to the burial of my sister, Mrs. Tiedeman, because the telegram came too late for me to get there in time for the burial. If I had known of the telegram the day before, I could and would have gone to the burial."

The above charge is objected to because there was no evidence of physical suffering, and this assignment we are compelled to sustain. Tel. Co. v. Drake, 29 S. W. Rep., 919, and authorities there cited.

The evidence was sufficient upon which to base a recovery of damages for mental suffering, because the jury might infer mental suffering from the fact that she was deprived of the privilege of attending the burial

ceremonies of her sister, though she does not testify expressly that she suffered mentally by reason thereof. It is alleged in her petition, and that is sufficient, with proof of the facts as above stated by her. The mental suffering was a natural and necessary consequence. Railway v. Curry, 64 Texas, 88; Tel. Co. v. Beringer, 84 Texas, 38, and cases therein cited.

The verdict in this case was for $500, and is not complained of as excessive. Just how much of it, however, was allowed by the jury for physical suffering we are unable to say, and because of this error in the charge allowing the jury to give damages for physical suffering, we reverse the judgment.

We are unable to see the necessity of charging the jury on the inaccuracies of the telegram, as it is in no manner made to appear that such inaccuracies contributed to the delay in delivering the message to the addressee, which seems to us to be the real ground for recovery.

The judgment will be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*