WESTERN UNION TELEGRAPH CO. v. FULTON. (No. 948.)

(Court of Civil Appeals of Texas. El Paso. April 3, 1919. Rehearing Denied April 24, 1919.)

1. TELEGRAPHS AND TELEPHONES ⬧68(4)— DELAY IN DELIVERING TELEGRAM—MENTAL SUFFERING.

Mental suffering resulting from failure to see the remains of one's father and be present at his funeral, due to delay or failure in transmitting a telegram, is ground for the recovery of damages.

2. TELEGRAPHS AND TELEPHONES ⬧56(4)— FAILURE TO DELIVER MESSAGE—WHO ENTITLED TO DAMAGES.

Where a telegram was sent a divorced woman notifying her of the death of her former husband, a son of the addressee and the deceased in charge of the addressee was entitled to damages occasioned by failure of the telegraph company to deliver the message, where the telegraph company had oral notice that deceased had a minor son in charge of the addressee.

3. EVIDENCE ⬧317(2)—HEARSAY.

In an action by a minor son against a telegraph company for damages due to failure to deliver a telegram telling of the death of his father, testimony, as to statement of a third person that the plaintiff and his mother would have attended the funeral if the message had been promptly delivered, was hearsay and should not have been admitted.

4. APPEAL AND ERROR ⬧1051(2)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Admission of hearsay evidence as to a matter testified to by two other witnesses, and practically undisputed, was harmless.

5. APPEAL AND ERROR ⬧1056(1)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

In an action against a telegraph company for damages for failure to deliver a telegram, the exclusion of other telegrams sent by the sender, tending to show that the plaintiff was not expected to attend the funeral, was harmless, if error, where the message on its face showed that some person, whether a child or a friend, would be denied the privilege of attending the funeral if the message was not promptly delivered; it being the duty of the agent of the telegraph company to make inquiry to ascertain the facts if he wanted more definite information.

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Action by Henry Fulton, a minor, by next friends, Nettie Black and H. H. Black, against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

J. M. Wagstaff, of Abilene, for appellant.
B. A. Cox, of Abilene, for appellee.

WALTHALL, J. Henry Fulton, a minor, by his next friends, Mrs. Nettie Black, his mother, joined by her husband, the minor's stepfather, H. H. Black, brought this suit against appellant to recover damages for failure to transmit and deliver the following message:

"El Paso, Texas, September 14th, 1917. Mrs. Nettie Black, Abilene, Texas. Will be through there at 10:20 p. m. 15th with Albert's remains on way to Leflour for burial. Meet me. F. F. Fulton."

The message was delivered at El Paso by the sender, a brother of the deceased, Albert Fulton, and received by appellant for transmission and delivery to Mrs. Nettie Black at Abilene, Tex. The message was duly transmitted, but was not delivered until the 20th of September. Henry Fulton is the minor son of the deceased, Albert Fulton. Albert Fulton died at Tucson, Ariz., and his brother, the sender of the message and uncle of the minor, Henry Fulton, had shipped and was accompanying the body to Leflour, Okl., for burial. The purpose in sending the message was alleged to be to notify plaintiff and his mother, Nettie Black, of the death of Albert Fulton and to notify them to meet the funeral train at Abilene and the time stated, to the end that plaintiff with his mother could accompany the remains of his father from Abilene, Tex., to Leflour, and be present at his burial. As a result of the failure of appellant to deliver the message, Henry Fulton did not meet and accompany the remains of his father at Abilene, and was not present at his burial. Plaintiff alleged that, if the message had been delivered to Nettie Black, she would have met the train with the plaintiff, and that he and his mother, Nettie Black, would have accompanied the remains and attended the funeral.

Appellant answered by general demurrer, general denial, and want of notice that plaintiff expected to attend the funeral of his father; the message not disclosing such notice.

On special issues submitted, the jury found: First, appellant did not exercise ordinary care and diligence in the delivery of the telegram; second, at the time the message was filed for transmission, appellant had notice of the relationship of appellee and deceased; third, had the message been promptly delivered, appellee would have attended his father's funeral; fourth and fifth, by reason of the negligence of appellant in failing to deliver the message, appellee suffered mental pain and anguish, and thereby sustained damages in the sum of $500.

The first assignment complained of the overruling of appellant's general demurrer, the insistence being that the message having been sent to Nettie Black, not a relative of deceased, and the appellee being a minor child and son of Nettie Black and the deceased, and the purpose of sending the mes-

sage to Nettie Black being to notify her of the death of her former husband to the end that both she and her son could accompany the remains to Oklahoma for burial, Nettie Black having no cause of action, and appellee being under her control, the damages are too remote; it requiring affirmative action on the part of the mother to enable him to attend the funeral.

[1, 2] Mental suffering resulting from failure to see the remains of one's father and be present at his funeral, due to delay or failure in transmitting or delivering a message, is ground for the recovery of damages. Western Union Tel. Co. v. Beringer, 84 Tex. 38, 19 S. W. 336. It is evident from the petition in this case that the message was sent for the benefit of appellee. The petition clearly shows a contract between appellant and appellee for the transmission and delivery of the message, and its breach in failure to deliver; a prompt delivery of the message being the essence of the contract. Western Union Tel. Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920. It is immaterial, we think, that the message was sent to the mother, the petition showing that her minor child was the one to be in fact served, and that he held the beneficial interest in the contract, the rule being that, when one having a beneficial interest in a contract sustains damage from its breach, a right of action arises in his favor, and it would be immaterial as to who sent the message or to whom it was sent. The petition is good as against the general demurrer.

The court was not in error in refusing to instruct a verdict in favor of appellant, on the ground that the undisputed evidence showed that the message was sent to plaintiff's mother, plaintiff being nine years old and under the care of his mother, and hence plaintiff would not be entitled to recover for mental anguish as insisted by the second assignment. It would not necessarily follow that, because the message was sent to the mother, the minor child would have no beneficial interest in the contract, and it would not follow that, because there was no mention of plaintiff in the message and the message was not sent to plaintiff, he would have no right to recover. Plaintiff's pleading and proof is to the effect that, when the message was delivered for transmission at El Paso, the sender of the message had an extended conversation with appellant's agent, in which conversation the sender told the agent about his brother's death, and that he had the remains with him, and that his deceased brother, referred to in the message, had a former wife and son at Abilene, and that he was wiring them so that they could meet the train at Abilene and accompany the remains to its burial. In Herring v. Western Union Tel. Co., 108 Tex. 77, 185 S. W. 293, without re-

viewing that case here, the question now presented was decided against appellant's contention. It was there held that notice of relationship need not be conveyed by the face of the message, but may be conveyed by oral statement to the agent of the company who received the message for transmission. Under the Herring Case, we think the message on its face conveyed all the information necessary.

[3, 4] It was error to permit the witness Latham to testify, as original evidence, that Mrs. Cuba Black stated to witness in conversation that if the message had been delivered promptly Nettie Black and plaintiff would have attended the funeral. The evidence was hearsay, but the same fact was testified to by two other witnesses, and was practically undisputed; that is, no witness testified to the contrary. While error to admit the evidence, it was not reversible error.

[5] By the fourth and fifth assignments appellant complains of the refusal to admit as original evidence messages claimed to have been sent by T. F. Fulton, the sender of the message in this suit, one of date September 12, 1917, to Mrs. Owen Jones at Leflour, Okl., the message stating: "Albert died last night. Have advised father. Burial in Tucson." And one of date September 13, 1917, to I. N. Fulton, at Broken Bow, Okl., as follows: "Hold Dee there. Am bringing remains to Leflour for burial. Notify Etta." It is the contention under these two assignments that the evidence was material and proper to show that Fulton, the sender of the message to Nettie Black, was not expecting Nettie Black and plaintiff to attend the funeral, and that the messages would tend to contradict the witness Fulton in his statement to the effect that he notified the agent at El Paso that he expected plaintiff and his mother to attend the funeral.

Conceding that the two messages were in fact sent by the witness Fulton, the witness had not been questioned about the messages, whether he had or had not sent the messages, nor as to his purpose in sending them, nor what he expected of the parties to whom they were sent. If the messages were admissible under such circumstances, they would be only as original evidence, and would be material only as they would, on the face of the messages themselves, tend to prove or disprove some issue in the case. We cannot see how the messages offered could discredit, in any way, the evidence of the witness Fulton in what he claims to have said to the agent of appellant at El Paso, nor his evidence as to his purpose in sending the message to Nettie Black. But whatever might be said of the probative effect of the messages offered in evidence, the message sent by Fulton to Nettie Black was sufficient on its face to advise the agent of appellant at

El Paso and at Abilene that Nettie Black, or some person, whether a child or a friend, would be denied the privilege of attending the funeral of Albert Fulton, if the message was not promptly delivered. As said in the Herring Case, last cited, if the agent of the company wanted more definite information, the agent should have made inquiry to ascertain the facts from Fulton when he sent the message. The message on its face spoke of the death of Albert Fulton, the shipment of his body for burial, with request that Nettie Black meet the funeral train at Abilene. If the messages were admissible for any purpose, their exclusion would not be reversible error.

The case is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes