C. O. So RELLE v. W. U. TELEGRAPH CO.

(Case No. 2737.)

1. DAMAGES — PLEADINGS.— Such actual damages as result naturally from an act complained of may be recovered under a general averment of damages. Subject to this rule will be reckoned the damages caused by the disappointment and regret resulting to a son from the willful failure of a telegraph company to deliver a message announcing the death of his mother, whereby he was prevented from being present at her burial.

APPEAL from Lee. Tried below before the Hon. I. B. McFarlane.

Suit brought against appellee on the 24th day of June, 1874, to recover $50,000 damages, occasioned, as claimed in the petition, by the willful neglect or failure of appellee

to transmit and deliver, within a reasonable time, the following telegraphic message:

"Giddings, Jan. 16, 1874, A. D.
"To C. O. So Relle,
          "Office over Miller's Stable:
"Your mother is dead; come on night train. Conveyance at T. Wroes.
     (Signed)                    "Wm. M. Scalloen."

It is in substance alleged in the petition, that appellant's mother died on the 16th day of January, 1874, near the town of Giddings; that on that day the message was prepared and delivered to the appellee's agent at Giddings by a near relative of appellant, for him and for his use and benefit; that appellee received the usual compensation, and undertook and agreed to promptly transmit and deliver to appellant, at his place of business in the city of Austin, said message; and that if the same had been transmitted and delivered, he would have been thereby enabled to be present at the funeral rites of his mother, and pay to her the last tribute of respect; that the appellee willfully failed and neglected to transmit and deliver the message in a reasonable time, and that it was several days after said date before it was delivered to him, notwithstanding he was during all that time constantly at his place of business in said city of Austin; that his said place of business is specified in said message, and was well known to appellee's agents in the city of Austin. And that by reason of said willful fault or neglect of appellee's agents to transmit and deliver said message in a reasonable time, he was prevented from being present at the funeral services of his mother, and in seeing that her remains were properly cared for. It was also alleged that appellee was guilty of gross negligence in not transmitting and delivering the message; and that he was injured and damaged thereby in the sum of $50,000.

The appellee answered by general and special excep-

tions to the petition, chiefly on the ground that the same showed no cause of action. The exceptions were sustained and the cause dismissed, the usual judgment in such cases being rendered. Appellant assigned as error the sustaining of the exceptions to his petition, etc.

*Edward Collier, Seth Shephard* and *C. O. So Relle,* for appellant.

*Likens & Stewart,* for appellee.— Exemplary damages cannot be recovered in cases of this character, unless actual damage is *alleged* in the petition and proven on the trial. The failure by plaintiff in his petition in this cause to allege actual damages, for which compensation by a recovery might have been made, is a fatal defect in the petition. When it is remembered that exemplary damages are awarded only as a punishment for a wrong committed, resulting in pecuniary loss to the injured party, the conclusion is irresistible that the plaintiff's petition is defective, because, as before stated, no offense, so to speak, is charged therein, and therefore no punishment can be inflicted; actual loss being necessarily the basis of compensation, it follows, of course, that actual loss must be alleged and proven before something *more* than *mere* compensation can be awarded the plaintiff. Mr. Sedgwick, discussing this question, uses this emphatic language: " When the plaintiff applies for pecuniary redress, nothing can as a general rule be more reasonable than to require him to show that he actually sustained injury." See Sedgwick on Damages, 6th ed., p. 273.

Watts, J. Com. App.— The question presented by the record is as to the liability of a telegraph company for injury resulting to the feelings of a person from the willful neglect of the agents of the company to transmit and deliver a message announcing the death of such person's mother, and requesting his presence at the funeral, etc.

This question results from the ruling of the court below in sustaining exceptions to the petition.

The allegations contained in the petition are, in effect, that appellant's mother died on the 16th day of January, 1874, near the town of Giddings; that on that day, Wm. M. Scallorn, a near relative, prepared the message and delivered the same to the company's agent at said town, to be promptly transmitted and delivered to appellant at Austin; and that the charge for such service was then paid to such agent; that the agents of this company did not transmit and cause such message to be delivered to appellant within a reasonable time, notwithstanding he was in the city of Austin and at his usual place of business; but willfully neglected and failed so to do, for several days after the date aforesaid; and that, by reason of such willful neglect and failure, he was prevented from being present at the funeral services of his mother and providing for her remains being properly cared for, and from paying to her the last tribute of respect, etc.; claiming that he was thereby injured and damaged in the sum of $50,000.

Actual damages are either general or special; the former is such as naturally result from the act complained of, or which the law implies therefrom, and need not be specially pleaded, but may be recovered under the general averment of damages. Sedgwick on Damages, vol. 2, p. 606.

It appears to be the settled rule of law in this state, that injury to the feelings, caused by the willful neglect or fault of another, constitutes such actual damages for which a recovery may be had. Hays v. H. & G. N. R. R. Co., 46 Tex., 279; H. & G. N. R. R. Co. v. Randall, 50 Tex., 261.

In the last edition of Shearman & Redfield on Negligence, after fully considering the measure of damages, etc., in telegraph cases, the authors give it as their opinion,

that "In case of delay or total failure of delivery of messages relating to matters not connected with business, such as personal or domestic matters, we do not think that the company in fault ought to escape with mere nominal damages, on account of the want of strict commercial value in such messages.

"Delay in the announcement of a death, an arrival, the straying or recovery of a child, and the like, may often be productive of an injury to the feelings which cannot be easily estimated in money, but for which a jury should be at liberty to award fair damages."

It appears to us that the natural consequence of a failure to promptly transmit and deliver a message like that in this case, and under the circumstances shown in appellant's petition, is to produce the keenest sense of grief incident to a disappointment. For it is a principle of our nature, implanted in the bosom of every reasonable being not devoid of human sensibilities, to promptly pay the last tribute of respect to the mother who bore and fostered us. And to be thwarted in the discharge of this duty, prompted as it is by natural desire, by the willful fault or neglect of one whose business it is to communicate the news, and who has received his compensation therefor, in the very nature of things is calculated to, and will inflict upon the mind the sorest sum of disappointment and sorrow. This being the natural result of such neglect, the damages resulting therefrom are general, as contradistinguished from special damages, and may be recovered under the general averment of damages.

In the case of Phillips v. Hoyle, 4 Gray (Mass.), 568, it was held that injury to the feeling of a parent in consequence of the seduction of his daughter constitute general damages naturally resulting from the act, and need not be specially pleaded. A similar doctrine is asserted by the supreme court of the United States, in the case of Roberts v. Graham, 6 Wall., 578.

This being the natural result of such neglect, must be held to have been contemplated by the company when its agent received the message, and agreed for a compensation then paid to promptly transmit and cause the same to be delivered. For all the importance that the message imports is fairly shown in its terms.

Telegraph companies exercise and enjoy special franchises and privileges under the law; the very purpose of their organization is to furnish for compensation the means of rapid and prompt communication; its use is expensive, and is rarely resorted to except in matters of importance to the parties. Hence the resort to this mode of transmitting information should of itself be held sufficient notice to the company's agents, that, as between the sender and the party to whom sent, the message is deemed to be of some importance, unless the contrary is made known by strict information or strong implication, as time is the usual consideration that prompts parties to the use of the wire.

The law will not permit any one to impose with impunity upon another, by his willful fault or neglect, such injury to his feelings as is the natural result from the disappointment shown by the allegations of appellant's petition, and then protect himself under the plea of *damnum absque injuria.*

Injury to the feelings, resulting from such disappointment, in our opinion constitute general damages, recoverable under a general averment of damage; and that the court erred in sustaining the exceptions to appellant's petition.

It should be remarked that great caution ought to be observed in the trial of cases like this; as it will be so easy and natural to confound the corroding grief occasioned by the loss of the parent or other relative with the disappointment and regret occasioned by the fault or neglect of the company; for it is only the latter for which

a recovery may be had; and the attention of juries might well be called to that fact.

It is our conclusion that the proper disposition of this appeal is to reverse the judgment and remand the case.

REVERSED AND REMANDED.

[Opinion delivered June 14, 1881.]