# THE GULF, COLORADO & SANTA FE RAILWAY CO., v. ISAAC LEVY.

## SUPREME COURT, AUSTIN TERM, 1883.

*Telegram --Delay in delivery---Damages---Pleading---Case overruled.*--- A person to whom a telegram is sent cannot maintain an action for the negligence of the telegraph company in transmitting the same, without averment and proof of some actual pecuniary injury sustained thereby. Injury to the feelings, unconnected with some other damage, is not sufficient.

SoRelle v. Telegraph Co., 55 Tex. 310, overruled.

Appeal from Milam County. Opinion by Stayton, J.

The statement of this case as made by brief for appellant, which is admitted by the appellee to be correct, is as follows: The plaintiff alleged, in substance, that appellee resided in Cameron in Milam county; that appellant operated a telegraph line from said town to the town of Cleburne in Johnson county, transmitting telegrams for hire; that in September, 1882, appellee's son, I. T. Levy and Bettie Levy, the wife of said I. T. Levy, were in said Johnson county, nine miles from said town of Cleburne; that on said day, Bettie Levy was taken violently sick and gave birth to a child, and that she died on the evening of the 30th of September, 1882, and that the child died on the — day of September, 1882; that appellee's son was among strangers, without money and in desperate need of assistance and help from appellee, and that immediately upon the death of his child

he went to Cleburne, and about 9 or 10 o'clock a. m. of October 1st, 1882, delivered a telegram to appellant, paying the charges thereon, and informing it of the importance of its prompt transmission and delivery. The following is a copy of said telegram: "Cleburne, October 1, 1882. To I. Levy, Cameron, Texas:—Betty and baby died. Come to Cleburne, to-night train, to my help. Wade meet you. Tell her mother. I. T. Levy." That the transmission and delivery of said telegram was a work of g eat necessity and charity; that appellant undertook to deliver the same in a reasonable time, but negligently failed to deliver the same until 11 o'clock of October 2nd, 1882; that by the delay in the delivery of such telegram, appellee was prevented from going to the assistance of his son and from supplying him with money; that by reason of such delay his son was followed up and harassed by his creditors for the expenses of the funeral of his wife and child, and had to sell his property at a great sacrifice, and was compelled to borrow money from strangers, and was deprived of the presence of his father and mother in his sore trial, and was compelled, a stranger in a strange land, to be the only mourner at his wife and child's funeral; that appellee has suffered the keenest disappointment and sorest grief at being deprived of the privilege of being present at the burial of his daughter-in-law and grand-child, of relieving his son of his wants, of sympathizing with him in his sad bereavement and trial, and been damaged in his feelings and otherwise in the sum of $5,000.

It will appear from the calendar that October 1, 1882, the day on which said telegram was delivered to appellant, was Sunday.

Appellant specially excepted to the petition as follows: 1st, because the petition does not show that plaintiff has sustained any damage; 2nd, because the matters stated in the petition constitute no cause of action; 3rd, because the petition shows that appellee is not entitled to recover; 4th, because the petition claimed damages for the non-delivery of a telegram on Sunday, which under the laws of this State, appellant was forbidden to do.

The demurrers to the petition were overruled and that is assigned as error.

There was no allegation nor proof of any damage to the appellee, unless mental suffering alone constitutes such character of injury as will entitle a person to damages in an action based upon negligence. That a person may enforce a contract made by another for his bene-

fit, although the consideration is paid by such other person, is true, but such is not the contract set up in the petition, or proved. Whatever contract was made by the son, was made for the benefit of himself, with no intent that it should inure in any respect to the benefit of the appellee. The contract between the son and the appellant, therefore, cannot be considered as the basis of this action.

To sustain the action it must appear that the appellee has been injured in his person, property, or reputation by the negligence of the appellant. It cannot be pretended that in the latter two he has been injured in any respect, and the inquiry remains, has he been injured in his person in any such respect as will entitle him to damages; to such pecuniary satisfaction as under the settled rules of law a plaintiff may obtain through an action?

No deprivation of any absolute right of person has been stated, which would entitle the appellee at least to nominal damages, and we have the naked question: Can a person who has not shown himself deprived of any absolute right for which damages, nominal at least, would be given, maintain an action for an injury to his feelings alone, which results solely from a breach of a contract to which he is not a privy, made with and for the benefit of another; or from a tort through which such other person receives an injury, personal to himself, for which damages may be given. Recognizing the fact that by reason of the public character of the employment which the appellant has assumed, a duty existed upon its part to deliver the message to the appellee without unnecessary delay, and that a failure to perform such duty, if attended with damages to the appellee, gives sufficient ground for an action, even in the absence of a contract to which he is a party, it becomes necessary to inquire whether an injury to the feelings of the appellee, unconnected with some other ground for damage, is sufficient to maintain this action.

An act for which the law does not give damages, at least nominal, cannot in a legal sense be called an injury, and it has therefore been truly said, "it may be laid down as a true proposition, that bare negligence, unproductive of damage to another, will not give a right of action. Negligence causing damage will do so."

In many cases where a bodily injury has been inflicted, even by negligence, the mental suffering resulting therefrom and necessarily incident thereto has been considered an element of damages, but we know of no case, unless it be one hereafter to be referred to, in

which it has ever been held sufficient in itself to maintain an action for damages, in the absence of some statute affecting the question.

In case of the death of an adult child, by the neglect of a corporation or person, who had assumed some duty to it which was violated by such neglect, in the absence of a statute authorizing it, no action could be maintained for such injury to the feelings of a parent, or other relative, and yet but few causes could be productive of deeper mental distress, and even in action, under statutes permitting recovery in cases where death has resulted, no recovery can be had for mental suffering, unless the statute permits it in terms or authorizes the recovery of exemplary damages. Field on Damages, 630.

This is upon the theory that no cause of action accrues to the parent, or other relative, unless given by the statute, and when thus given, it will not extend to embrace elements of damages not given by the statute. The effect of the acts of the several States, and of the English acts, authorizing recovery, for the death of persons, is to remove the technical difficulty at common law, interposed to the maintenances of actions in such cases; and they certainly do not withdraw from anyone any right which could have been asserted, as the law formerly stood, for an injury to the person bringing an action, grounded upon any reason personal to himse'f, and other than the pecuniary loss suffered by the death.

Yet in actions under statutes of the several States, and under the English Statutes, it has been uniformly held that the injury to the feelings of the person or persons entitled to maintain such action was not an element of damage which could be considered. This could not well be held, if it had ever been true, that an action could be maintained for an injury to feelings alone, which is a matter perscnal to the aggrieved party, for which an action would not have been denied upon the technical ground upon which recovery for the loss of a life was denied.

In cases of seduction no action is maintainable by the parent, guardian, or master upon the ground of injury to the feelings or mental distress, but the loss of services is made the basis of the suit and if there was no such loss, there could be no recovery, however great the mental suffering induced by the wrong.

The same principles apply to cases for criminal conversation. In cases for libel or slander, unless the words used be such as in law are held to entitle the person against whom they are used to dam-

ages, at least nominal, special damages must be averred and proved or the action cannot be maintained, and this without reference to the degree of mental distress, which may be inflicted by the language.

In all of these classes of cases, where a pecuniary injury is shown, mental distress resulting from the same act which produced the pecuniary damages becomes an element in aggravation for which damages may be given.

The cases in which damages have been allowed for mental distress, resulting from injuries to persons, will be found to be cases in which the mental distress was the incident to a bodily injury suffered by the distressed person, or cases of injury to reputation or property, in which pecuniary damage was shown, or the act such that the law presumes some damage, however slight, from the act complained of, and not cases in which the bodily injury or other wrong was suffered by one person and the mental distress by another; or were cases in which a direct pecuniary damage had been shown, and the element of mental distress had been admitted in aggravation of the injuries for the purpose of recovering damages other than such as are only compensatory.

The rule is thus stated in Wood's Mayne on Damages, 74 (1st Am. Ed.) "But we do not apprehend that the rule has any such force as to enable a person to maintain an action where the only injury is mental suffering, as might be thought, from a reading of the loose dicta, and statements of the court in some of the cases. So far as I have been able to ascertain the force of the rule, the mental suffering referred to is that which grows out of the sense of peril, or the mental agony, at the time of the happening of the accident, and that which is incident to and blended with the bodily pain incident to the injury and the apprehension and anxiety thereby induced. In no case has it ever been held that mental anguish alone, unaccompanied by an injury to the person, afforded a ground of action."

The following authorities bear upon the question:

Canning v. Inhabitants of Williamstown, 1 Cushing 452.

Joch v. Duukwardt, 85 Ill. 333.

Lynch v. Knight, 9 House of Lords, cases 577, 598.

Johnson v. Wells, Fargo & Co., 6 Nevada, 225.

Sherman and Redfield on Negligence, Secs. 606, 606b.

Fruse v. Tripp, 70 Ill. 503.

Misall v. Anthis, 71 Ill. 241.

Blake v. Midland Ry. Co., 10 Eng. L. &. E. 442.

No actual damages being shown to sustain the action, evidence which, in favor of the plaintiff in this case, could only bear upon the question of exemplary damages, and averments of a like kind, can be of no avail, for unless some actual damage had been sustained by the plaintiff, he is not entitled to exemplary damages. Flanagan v. Womack & Perry, 54 Tex. 50; Fruse v. Tripp, 70 Ill. 500.

The English cases held substantially that a person to whom a message is sent, cannot maintain an action, notwithstanding pecuniary injury may result to him by the failure of a telegraph company correctly or within a reasonable time to transmit it, unless the sender sustains to the person to whom the message is sent the relation of agent, through which privity of contract is established. Playford v. The United Kingdom Electric Telegraph Co., 4 Q. B 706.

This doctrine has not been accepted by the courts of this country, but none of them have gone to the extent of holding that the person to whom the message is sent may maintain an action for the negligence of a telegraph company in transmitting, without averment and proof of some actual pecuniary injury sustained thereby.

We are referred to the case of SoRelle v. W. U. Telegraph Co., 55 Tex. 310, as an authority for the proposition that an action for mental suffering alone may be maintained. The opinion in that case does seem to contain the proposition necessary to sustain this action; but we are of the opinion that it cannot be sustained upon principle, nor upon the authority of adjudicated cases.

The other assignments need not be considered, in the view which we take of the case. The demurrer to the petition in this case should have been sustained, but as it was overruled the judgment will be reversed and the cause remanded, that an opportunity to amend the petition may be given and a case stated, if possible, which appears unlikely from the evidence, upon which the action may be sustained.

Reversed and remanded.