### CHASE *v.* WESTERN UNION TELEGRAPH CO.

*(Circuit Court, N. D. Georgia.* December 23, 1890.)

TELEGRAPH COMPANIES—DELAY IN DELIVERING MESSAGE—DAMAGES.
   The receiver of a telegraphic message, the delivery of which has been negligently delayed, cannot recover for mental suffering alone, unaccompanied with other injury.

*(Syllabus by the Court.)*

At Law. On demurrer to declaration.
*Blackburn & Garrett,* for plaintiff.
*Bigby & Berry,* for defendant.

NEWMAN, J. The plaintiff avers that by gross negligence the defendant delayed the delivery of a telegraphic message to him, whereby he was prevented from reaching the death-bed of a brother-in-law, and by reason of which he reached the point where the relation died several hours after death; his sister, in the mean time, being compelled to appeal to strangers for assistance, on account of which he was caused serious inconvenience, great mortification, and mental suffering. He claims punitive and vindictive damages in the amount of $5,000. To this declaration a general demurrer is filed. Can a recovery be had for mental suffering and anguish alone, unmixed with other injury? is the question presented by this demurrer. The negligence of the defendant is sufficiently averred; and it seems to be settled in this country, contrary, however, to the English cases, that the receiver of a telegram may recover damages actually sustained by negligent delay in delivery. An examination of the adjudged cases, however, shows that the great weight of authority is against recovery in a case like this for mental suffering alone.

In the case of *Relle* v. *Telegraph Co.*, 55 Tex. 308, it was held that "a telegraph company is liable for an injury to the feelings of a son by the willful neglect to deliver to him a message announcing the death of his mother, whereby he was prevented from attending her funeral." But in the subsequent case of *Railway Co.* v. *Levy*, 59 Tex. 563, this opinion was overruled, and the court held as follows: "The plaintiff sued a telegraph company for delay in delivering to him a message announcing the death of his son's wife and child, whereby he was prevented from attending the funeral. Held, that there could be no recovery for his mental suf-

fering." The case of *Relle* v. *Telegraph Co., supra,* was referred to, and the court say "that it cannot be sustained upon principle, nor upon the authority of adjudicated cases." There are later cases in Texas on this subject, but I understand them to be in harmony with the case last cited.

In the case of *Wadsworth* v. *Telegraph Co.,* 86 Tenn. 695, 8 S. W. Rep. 574, this question was considered, and the majority of the court held that damages for mental suffering may be recovered. LURTON, J., with whom FOLKES, J., concurred, dissented, saying "that an action for injury to the feelings, or fright or grief, or other mental injury, cannot be sustained as an independent ground of action." It appears that there are statutes in Tennessee requiring telegraph companies to deliver telegraphic messages "correctly, and without unreasonable delay;" and for a failure to do so the defaulting company is declared to be "liable in damages to the party aggrieved." CALDWELL, J., who delivered the opinion of the court, lays some stress on this statute, and TURNEY, C. J., in a concurring opinion, rests his concurrence primarily upon this statute; holding that it covers all messages, and makes no distinction as to the character of messages. So that in this case a bare majority sustained the right of action for damages of this sort, and the right rested largely upon the statutes of the state.

I have found no other case that goes to this extent, nor has any such case been cited. On the contrary, quite an array of authorities deny the right to recover for damages of this character. *Russell* v. *Telegraph Co.,* (Dak.) 19 N. W. Rep. 408; *West* v. *Telegraph Co.,* 39 Kan. 93, 17 Pac. Rep. 807; *Railway Co.* v. *Levy,* 59 Tex. 542, 563; *Wyman* v. *Leavitt,* 71 Me. 227; *Johnson* v. *Wells,* 6 Nev. 224; *Nagel* v. *Railway Co.,* 75 Mo. 653; *Railway Co.* v. *Stables,* 62 Ill. 313; *Freese* v. *Tripp,* 70 Ill. 503; *Meidel* v. *Anthis,* 71 Ill. 241; *Joch* v. *Dankwardt,* 85 Ill. 333; *Porter* v. *Railway Co.,* 71 Mo. 83; *Fenelon* v. *Butts,* 53 Wis. 344, 10 N. W. Rep. 501; *Ferguson* v. *Davis Co.,* 57 Iowa, 601, 10 N. W. Rep. 906; *Stewart* v. *Ripon,* 38 Wis. 584; *Masters* v. *Warren,* 27 Conn. 293; *Blake* v. *Railway Co.,* 10 Eng. Law & Eq. 442; *Lynch* v. *Knight,* 9 H. L. Cas. 577; *Burke* v. *Railway Co.,* 10 Cent. Law J. 48; *Rowell* v. *Telegraph Co.,* (Tex.) 12 S. W. Rep. 534; *Thompson* v. *Telegraph Co.,* (N. C.) 11 S. E. Rep. 269, 30 Amer. & Eng. Corp. Cas. 634.

The telegram in this case was sent from one point in Georgia to another. Section 2943 of the Code of Georgia is as follows: "Exemplary damages can never be allowed in cases arising on contract." The plaintiff sues for punitive and vindictive damages only. I do not understand that this character of damages can be recovered, except for an actual tort. Any right of the plaintiff in this case would be for breach of an implied contract to promptly deliver the telegram, and it seems that vindictive or punitive damages would never be given in a case of this kind. The demurrer to the declaration in this case must be sustained.