## GAHAN v. WESTERN UNION TEL. CO.

(Circuit Court, D. Minnesota, Third Division.    January 2, 1894.)

TELEGRAPH COMPANIES—FAILURE TO DELIVER TELEGRAM—MENTAL ANGUISH.
There can be no recovery for mental anguish caused by mere negligence in failing to deliver a telegram sent by plaintiff's agent, announcing the death of a relative, either at common law, or under the Minnesota statute, which limits recovery to actual damages.

At Law.    Action by Michael Gahan against the Western Union Telegraph Company to recover damages for failure to deliver a telegram.    Verdict directed for defendant.

Statement by WILLIAMS, District Judge:

Plaintiff's brother Thomas Gahan, on January 14, 1891, filed at Chicago, Ill., for transmission to plaintiff, at South St. Paul, Minn., paying the tolls thereon, the following message:

"Chicago, January 14, 1891.

"To Michael Gahan, South St. Paul: Your brother Wm. Gahan is dead. Come at once.    Will be buried Friday.
    [Signed]                                "Thomas Gahan."

The message was transmitted to St. Paul, and there lost, in some way not explained, and not forwarded to its destination, and plaintiff was therefore not apprised of the death of his brother until some days after his burial. Plaintiff brings this action to recover damages for mental anguish suffered on account of the negligent failure to deliver the message.    The action is ex contractu, the complaint alleging that Thomas Gahan, who sent the message and paid the tolls,—40 cents,—did so as the agent of plaintiff.    Defendant objected to the introduction of evidence as to mental anguish, and, at the close of the case, moved for an instruction to the jury to return a verdict for defendant.

Jos. A. Schroll, for plaintiff.
C. M. Ferguson, for defendant.

WILLIAMS, District Judge, (after stating the facts.)    The case is somewhat new, and yet it has been pretty well adjudicated, and, outside of the decision of Judge Maxey, (Beasley v. Telegraph Co., 39 Fed. 181,) every time it has been touched by the federal courts, it has been clearly and unequivocally held that the action cannot be maintained.    The state courts have pretty generally passed upon the question, and, outside of the cases cited by counsel for plaintiff, I do not think you will find another state court that upholds that doctrine.    A large majority of the state courts have held that the action cannot be maintained, and that no recovery can be had. Counsel has read from the Carolina report, (Young v. Telegraph Co., 107 N. C. 370, 11 S. E. 1044,) and I think that is the strongest the case can be put; and that is very much in consonance with the

sentiment which must arise, to a large extent, in the breasts of all men; but, when you come to analyze it, I think the best you can say is that this sentiment has carried away the better judgment of the court. There is nothing to maintain it, and it is not, as a principle of law, sound in any respect. Furthermore, the statute of Minnesota is clear and unequivocal, and under it no action can be maintained except for actual damages. The term "actual damages" has a significance and meaning of its own, and any attempt to reason a claim of this kind into actual damages certainly must fail. This court holds, in accordance with the position taken by defendant, that the action cannot be maintained. Counsel has stated that it is agreed that plaintiff disclaims anything on the ground of any willful or malicious disregard of the rights of plaintiff, and seeks to recover entirely upon the ground of negligence in the performance of the contract. There is a claim that 50 cents was expended in searching for this telegram, but I think that is too remote. There is another claim of 40 cents for sending the telegram, but counsel for plaintiff says he makes no claim for that.

Let the record be fairly made up, showing that counsel for plaintiff expressly disclaims anything on the ground of any willful and malicious disregard of the rights of plaintiff, and asks the recovery simply on the ground of negligence on the part of the defendant company in the nondelivery of the telegram, thereby causing plaintiff to suffer great mental anguish, and that the court then directed the jury to find a verdict for the defendant. Ordered accordingly.