WESTERN UNION TELEGRAPH CO. v. SKLAR et ux.

(Circuit Court of Appeals, Sixth Circuit. December 8, 1903.)

No. 1,194.

1. TELEGRAPHS—MESSAGES—DELAY IN DELIVERY—DAMAGES—MENTAL SUFFERING.

An action cannot be maintained at common law to recover for unreasonable delay in the delivery of a death telegram where the only damages alleged or proved was mental suffering not accompanied by any pecuniary loss or physical injury.

2. SAME—FOLLOWING STATE DECISIONS.

Shannon's Code Tenn. § 1837, requires all telegraph messages to be delivered without unreasonable delay, and section 1838 declares that any officer or agent of a telegraph company who willfully violates the preceding sections shall be guilty of a misdemeanor, and that the telegraph company shall be liable in damages to the party aggrieved. *Held* that, though the Tennessee court has construed this statute to entitle the plaintiff to recover nominal damages in any event, it has not construed the statute as conferring also the right to recover for mental damages or injured feelings, irrespective of some physical injury, but that the common law gives the right to recover for injured feelings whenever the plaintiff has either a common-law or statutory right to recover "some damages" upon any other ground. The question, therefore, whether a

---

¶ 1. Damages for mental suffering for delay in delivery of telegram, see notes to Chicago, R. I. & P. Ry. Co. v. Caulfield, 11 C. C. A. 571; Western Union Tel. Co. v. Coggin, 15 C. C. A. 250; Same v. Morris, 28 C. C. A. 62.

statutory right to recover some damages for a breach of a statutory duty affords a basis to also recover for injured feelings is a question of general jurisprudence, with regard to which the federal court was not bound by the state court opinion.

**8. SAME.**

Shannon's Code Tenn. § 1838, provides that any officer or agent of a telegraph company who willfully violates the preceding section, requiring delivery of messages without unreasonable delay, shall be guilty of a misdemeanor, and the telegraph company shall be liable in damages to the party aggrieved. *Held,* that a declaration for negligence in the delivery of a death message, which failed to allege willfulness on the part of the telegraph company's employés, or include any averment of pecuniary damages, was demurrable.

**4. PLEADINGS—INSUFFICIENCY—OBJECTIONS ON APPEAL.**

Where plaintiff's declaration was insufficient to support any verdict in her favor, an objection to a judgment in favor of plaintiff on that ground might be properly made for the first time on appeal.

In Error to the Circuit Court of the United States for the Middle District of Tennessee.

Lemuel R. Campbell and James S. Pilcher (George H. Fearons and Rush Taggart, of counsel), for plaintiff in error.

J. P. Rains and John T. Allen, for defendants in error.

Before LURTON and SEVERENS, Circuit Judges, and THOMPSON, District Judge.

LURTON, Circuit Judge. This was an action by the addressee of a prepaid telegraphic message to recover damages for delay in its delivery. The message was in these words:

St. Louis, Mo., Jan. 21, 190–.

Mrs. Mary Sklar or Sklor, 450 N. Spruce Street, Nashville, Tenn.: Your daughter, Sarah, died this morning at City Hospital, shall I send remains to you, answer, letter on road to you.

Lulu Morrison, 2117 Chestnut St.

The message was prepaid. The declaration charged that the delivery of the message was so unreasonably delayed that the plaintiffs, not knowing the condition of the body, ordered the remains to be interred in St. Louis, without having an opportunity to see the remains of their daughter, and that but for the delay in delivery plaintiffs would have gone to St. Louis, or had the body forwarded to them at Nashville. There were two counts—one a common-law count based wholly upon an alleged liability of the telegraph company to the plaintiff, as the addressee, for negligence in delivery; the other upon a statute, being sections 1837 and 1838, Shannon's Tennessee Code. The defense was the general issue of not guilty. The jury were, in substance, instructed that, if they should find the defendant had been negligent in the delivery of the message to Mrs. Sklar, and that in consequence of such delay she had been deprived of the opportunity of seeing the remains of her daughter, or having her interred in the place of their residence, she would be entitled to recover for the mental anguish, grief, and disappointment incident entirely to such delay, and which would not have been sustained if the message had been delivered without unreasonable delay. There was a verdict and judgment for the plaintiffs.

There was no averment that the alleged negligence of the tele-graph company was either willful or malicious. Neither was there a shred of evidence tending to show any willfulness or malice, and the court instructed the jury that no case existed for punitive damages. There was neither averment nor evidence tending to show any pe-cuniary loss whatever. Neither was there any averment or proof of any bodily injury. The verdict returned was confessedly for dam-ages to the feelings of the plaintiff. The common law gives no re-dress for mental suffering which is not the inseparable accompani-ment of some form of physical injury. Cooley on Torts, 271; Lynch v. Knight, 9 H. L. 577; Wyman v. Leavitt, 71 Me. 227, 36 Am. Rep. 303; Wood's Moyne on Damages, 75; Chase v. W. U. Tel. Co. (C. C.) 44 Fed. 554, 10 L. R. A. 464; W. U. Tel. Co. v. Wood, 57 Fed. 471, 6 C. C. A. 432, 451, 21 L. R. A. 706; West v. Tel. Co., 39 Kan. 93, 17 Pac. 807, 7 Am. St. Rep. 530; W. U. Tel. Co. v. Rogers, 68 Miss. 748, 9 South. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300; W. U. Tel. Co. v. Ferguson, 157 Ind. 37, 60 N. E. 679; Morton v. W. U. Tel. Co., 53 Ohio St. 431, 41 N. E. 689, 32 L. R. A. 735, 53 Am. St. Rep. 648; Chapman v. Tel. Co., 88 Ga. 763, 15 S. E. 901, 17 L. R. A. 430, 30 Am. St. Rep. 183; Connell v. Tel. Co., 116 Mo. 34, 22 S. W. 345, 20 L. R. A. 172, 38 Am. St. Rep. 575; Gahan v. Telegraph Co. (C. C.) 59 Fed. 433. Many additional authorities are cited in a use-ful note to the case of Chicago, R. I. & P. R. v. Caulfield, 11 C. C. A. 552, 556.

The actions for seduction and breach of marriage promise rest upon fictions which are altogether peculiar. In actions for personal in-juries mental suffering is inseparably associated with bodily pain as an incident. Compensation therefore includes in such cases both kinds of suffering, the law refusing to separate the one from the other. "It is impossible to exclude the mental suffering in estimating the extent of personal injury for which compensation is to be awarded." Kennon v. Gilmer, 131 U. S. 22, 26, 9 Sup. Ct. 696, 33 L. Ed. 110; Seger v. Barkhamsted, 22 Conn. 298; Canning v. Williamstown, 1 Cush. 452; Chicago, R. I. & P. R. v. Caulfield, 63 Fed. 396, 11 C. C. A. 552. Under the Tennessee statutes, which give a right of action to the administrator of one tortiously killed, and authorize a recovery of the damages which the deceased sustained, and in addition those sustained by the widow and next of kin, for whose benefit the right of action is preserved, it is held that damages for the mental suffering of the deceased may be recovered, but that only the pecuniary loss of the widow and next of kin can be compensated, and that their mental suffering is not to be regarded as an element of damages. Railroad Co. v. Stevens, 9 Heisk. 12. So far, therefore, as the suit was a com-mon-law action, unaffected by any Tennessee statute of controlling in-fluence, it must fail.

The question as to the liability of a telegraph company for dam-ages for the failure to properly transmit or promptly deliver a mes-sage is a question of general, and not local, law, and, in the absence of some statute regulating the subject, it is the duty of a court of the United States to decide such general question independently. W. U. Tel. Co. v. Wood, 57 Fed. 471, 6 C. C. A. 432, 451, 21 L. R. A. 706;

W. U. Tel. Co. v. Cook, 61 Fed. 624, 9 C. C. A. 680; Felton v. Bullard, 94 Fed. 781, 37 C. C. A. 1, 4; Railroad v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, 37 L. Ed. 772; Byrne v. Kansas City R. R. Co., 61 Fed. 605, 9 C. C. A. 666, 24 L. R. A. 693.

The real question in the case is as to the effect to be given to the Tennessee statute relating to telegraph companies. The only legislation upon the subject is found in sections 1837 and 1838, Shannon's Tennessee Code, which read as follows:

"1837. All other messages, including those received from other telegraph or telephone companies, shall be transmitted in order of their delivery, correctly, and without unreasonable delay, and shall be strictly confidential; provided, however, that arrangements may be made with the publishers of newspapers for the transmission of intelligence of general and public interest.

"1838. Any officer or agent of a telegraph or telephone company who willfully violates either of the provisions of the preceding section is guilty of a misdemeanor, and the telegraph or telephone company so violating is liable in damages to the party aggrieved."

This statute has been under consideration by the Supreme Court of Tennessee in Wadsworth v. W. U. Tel. Co., 86 Tenn. 695, 8 S. W. 574, 6 Am. St. Rep. 864; Railroad v. Griffin, 92 Tenn. 694, 22 S. W. 737; Telegraph Co. v. Mellon, 96 Tenn. 66, 33 S. W. 725. In Wadsworth v. Tel. Co., supra, the action was by the addressee of an unpaid telegram for damages in the delivery of a message informing her of the illness of a brother. A demurrer had been sustained upon the ground that the declaration stated no ground of action. This judgment was reversed in an opinion by Judge Caldwell, speaking for a majority of the court. The reversal and opinion in part proceeds upon common-law grounds and in part upon a construction and application of the statute above set out. So far as it involves a construction of the statute, the decision is obligatory upon the federal courts, and it will be our duty to follow it, even though we may think the court misconstrued the statute. Forsyth v. Hammond, 166 U. S. 506, 17 Sup. Ct. 665, 41 L. Ed. 1095; Bucher v. Railroad Co., 125 U. S. 555, 8 Sup. Ct. 974, 31 L. Ed. 795; Railroad Co. v. Roberson, 61 Fed. 592, 9 C. C. A. 646. But so far as the opinion and judgment proceeds upon questions of general, as distinguished from statute, law, this court is bound to exercise its own independent judgment, and is under no obligation to follow a state decision upon a question of general jurisprudence which does not meet its approval. Railroad v. Lockwood, 17 Wall. 357, 21 L. Ed. 627; Smith v. Alabama, 124 U. S. 465, 478, 8 Sup. Ct. 564, 31 L. Ed. 508; Railroad v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, 37 L. Ed. 772; Byrne v. Kansas City Ry. Co., 61 Fed. 605, 9 C. C. A. 666, 676, 24 L. R. A. 693. In the case last cited, this court, speaking by Taft, Circuit Judge, said:

"The question whether we are bound by the decision of the Supreme Court of Tennessee as to the effect of contributory negligence in statutory actions depends upon the basis given by that court for its conclusion. If the statute is held to be merely declaratory of the common law both in its requirements and in the liability imposed for failure to observe it, and the plea of contributory negligence is allowed only in mitigation of damages, because, in the view of the Supreme Court of Tennessee, that is the only effect it could have in an action for common-law negligence, we conceive that the effect of contributory negligence in such a case would be a question of general common

law, with respect to which we might exercise an independent judgment. But if the rule of the state Supreme Court grows out of the peculiar liability imposed by the statute as distinguished from that imposed for negligence at common law, then it is the legitimate effect of a construction of a state statute by the highest tribunal of the state, and we are, of course, bound by it."

The Tennessee court, in the Wadsworth Case, cited above, considered the plaintiff's right of action both under principles of general law and under the statute. The opinion may be summarized as holding: (1) That the telegraph company rested under a legal obligation imposed by the nature of its business to deliver to the addressee promptly any message which they undertook to transmit to her. (2) That its negligence in this respect gave her a right of action to recover damages. (3) That, having a right to sue for and recover some pecuniary damage, she had a right to recover in addition such further sum as will compensate her for the grief, disappointment, or other injury to her feelings occasioned by the company's default. Having thus reached the conclusion that upon general principles of law the plaintiff had the right to maintain a suit to recover "some damages," and that this furnished a foundation to which might be added such additional damages as would compensate the plaintiff's injured feelings, the court added this in respect to the statute saying:

"In this connection, and in addition to what has been already said with regard to the right of action growing out of the defendant's breach of duty, it is to be observed that we have a statute which expressly confers the right of action."

In respect to this statute the court said:

"One section imposes a general duty, and the other gives a universal right of action for the breach of that duty. And of necessity the nature and amount of damages recoverable in each particular case are to be determined by the character of the message and the extent of the injury caused by the defendant's default. It is true that the officer or agent of the company who willfully violates any of the provisions of section 1837 is by section 1838 declared to be 'guilty of a misdemeanor,' but that does not take the place of or diminish the civil liability. Both remedies are expressly given, and neither is exclusive of the other. The offending officer or agent is guilty of a misdemeanor, and the company is also liable in damages to the aggrieved party."

Upon the subject of the measure of damages recoverable the court, after referring to the general rule which confines the recovery of damages for a breach of contract to those of a pecuniary nature within the contemplation of the parties said:

"To hold that the defendant is not liable in this case for the wrong and injury done to the felings and affections of Mrs. Wadsworth by its default would be to disregard the purpose of the telegrams altogether, and to violate that rule of law which authorizes a recovery of damages appropriate to the objects of the contract broken."

In support of the conclusion the court cited the cases of So Relle v. W. U. Tel. Co., 55 Tex. 308, 40 Am. Rep. 805, G. C. & Santa Fé Ry. Co. v. Levy, 59 Tex. 542, 46 Am. Rep. 269, and Stuart v. W. U. Tel. Co., 66 Tex. 580, 18 S. W. 351, 59 Am. Rep. 623.

In Railroad v. Griffin, 92 Tenn. 694, 696, 22 S. W. 737, Wadsworth v. Tel. Co. was followed, the court saying that the receiver of a message is "an aggrieved party, and is entitled to recover some

damages; and, this being so, as said in the Wadsworth Case, above cited, he may in such case recover, in addition, such further sum as will reasonably compensate for the grief, disappointment, or other injury to her feelings occasioned by such default of the company."

In Telegraph Co. v. Mellon, 96 Tenn. 66, 72, 33 S. W. 725, it was held that one neither the addressee nor sender was an "aggrieved" party if he appeared to be the beneficiary in the message; the court saying:

"So we think that, under our statute allowing a right of action to the party aggrieved, it is not necessary that any contractual relation should exist, but the company is liable for a breach of its statutory duty independent of any contract. The breach of the statute in failing to deliver the message entitled the party aggrieved to at least nominal damages, to which may be added compensatory or exemplary damages, in the discretion of the jury. The party aggrieved is the party who, upon the face of the message, appears to be the beneficiary—in this case the plaintiff John Mellon."

From this review of the opinions of the Supreme Court of Tennessee we conclude that the only influence or bearing of section 1838 upon the question of the right of this plaintiff to maintain this suit is that the statute confers the right to maintain an action to any person aggrieved against the company for any violation of the provisions of section 1837. But this is a right which that court also holds existed, irrespective of either section, upon common-law principles.

The statute does not define the "damages" which may be recovered in such an action, and the court does not construe it as in any way prescribing the measure or character of the damages recoverable. Upon the contrary, the Tennessee court holds that when a plaintiff has the right to recover "some damages" he may, in such case, also recover damages for injured feelings. But this it maintains upon principles of general law, and not because the statute regulates the question. In the Wadsworth Case the plaintiff's declaration stated some pecuniary loss, as it was charged that she had paid for the delayed message. Her suit was therefore sustainable at common law to recover at least that small pecuniary damage, although this aspect of the case is not noticed in the opinion of the court. In the two subsequent cases of Railroad v. Griffin and Telegraph Co. v. Mellon the actions were sustained as suits by the "aggrieved" under the statute without regard to any actual pecuniary loss. In all three cases the right to recover nominal damages is made the predicate to the right to recover damages for injured feelings. This foundation, the right to recover "some damages," is also the basis of the Texas decisions followed by the Tennessee court. So Relle v. W. U. Tel. Co., 55 Tex. 310, 40 Am. Rep. 805, Gulf Ry. Co. v. Levy, 59 Tex. 563, 46 Am. Rep. 278, Gulf Ry. Co. v. J. T. Levy, 59 Tex. 542, 46 Am. Rep. 269; Stuart v. W. U. Tel. Co., 66 Tex. 580, 18 S. W. 351, 59 Am. Rep. 623.

We are not prepared to concede that any cause of action exists at common law to recover even nominal damages for the breach of a contract or for a tortious act of negligence, unless there is some averment that the act complained of has been productive of some pecuniary injury or other kind of loss or damage for which the law

gives damages. In such circumstances the declaration would be demurrable as stating no cause of action. But granting that the Tennessee court has construed the Tennessee statute as conferring a right to recover at least nominal damages, although no such damages are averred, in any case of a violation of the statute, and in favor of any person "aggrieved" by such violation, regardless of the existence of any contractual relations between such person and the telegraph company, we find ourselves unable to follow that court in holding that this right to recover "some damages" upon some other ground carries with it the right to add to such nominal damages damages for mental pain or grief or anguish. The question is one of general jurisprudence, and as such we must exercise an independent judgment.

The very great weight of opinion is against the view of this question entertained by the Tennessee court, and we feel ourselves constrained to hold that damages for mental suffering or injury to the feelings are not recoverable in either an independent action nor as additional damages when the plaintiff has averred and shown some pecuniary damages. Damages for mental pain, grief, disappointment, etc., are recoverable at the common law only when the inseparable accompaniment and result of some bodily pain. The question has been so frequently discussed in so many courts that we do not feel justified in repeating the reasoning upon which this conclusion rests. Whenever the question has been decided in any federal court, the doctrine of the Texas and Tennessee cases has been repudiated as not sustained by the principles of the common law. Chase v. W. U. Tel. Co. (C. C.) 44 Fed. 554, 10 L. R. A. 464; Crawson v. W. U. Tel. Co. (C. C.) 47 Fed. 544; Wilcox v. R. & D. Rd. Co., 52 Fed. 264, 3 C. C. A. 73, 17 L. R. A. 804; Tyler v. W. U. Tel. Co. (C. C.) 54 Fed. 634; Kester v. W. U. Tel. Co. (C. C.) 55 Fed. 603; W. U. Tel. Co. v. Wood, 57 Fed. 471, 6 C. C. A. 432, 21 L. R. A. 706; Gahan v. W. U. Tel. Co. (C. C.) 59 Fed. 433; Chicago, etc., Ry. Co. v. Caulfield, 63 Fed. 396, 11 C. C. A. 552. In addition to these cases from the federal courts we cite but a few of the leading decisions from English and state Supreme Courts. W. U. Tel. Co. v. Rogers, 68 Miss. 748, 9 South. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300; Chapman v. W. U. Tel. Co., 88 Ga. 763, 15 S. E. 901, 17 L. R. A. 430, 30 Am. St. Rep. 183; Morton v. W. U. Tel. Co., 53 Ohio St. 431, 41 N. E. 689, 32 L. R. A. 735, 53 Am. St. Rep. 648; W. U. Tel. Co. v. Ferguson, 157 Ind. 64, 60 N. E. 674, 1080, 54 L. R. A. 846; Connell v. W. U. Tel. Co., 116 Mo. 34, 22 S. W. 345, 20 L. R. A. 172, 38 Am. St. Rep. 575; Mitchell v. Rochester, etc., Co., 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604; West v. W. U. Tel. Co., 39 Kan. 93, 17 Pac. 807, 7 Am. St. Rep. 530; Lynch v. Knight, 9 House of Lords Cases, 577; Railway Com'rs v. Coultas, L. R. 13 App. Cases, 222.

The conclusion we reach is that the plaintiff's declaration stated no cause of action. The first or common-law count was bad because it contained no averment of any pecuniary loss or damage whatever, and was nothing more or less than a straight action to recover damages for mental pain, grief, etc.

The second count was treated as an action under the statute. But the statute gives the remedy only when the violation of the law has been "willful." There was no averment of willfulness, and no facts stated which imply willfulness. Neither did this count include any averment of pecuniary damage. It was therefore insufficient to support any judgment under the statute or at common law.

The defendant did not demur. Neither did it move in arrest of judgment. But it has assigned it as error that the court pronounced judgment upon the verdict. If the pleadings were insufficient to support any verdict for the plaintiff, judgment should have been arrested. The failure to move in arrest is, however, not fatal. It is not too late to allege as error in this court that the pleadings stated no case which would justify any judgment for the plaintiff. Kentucky Life Ins. Co. v. Hamilton, 63 Fed. 93, 11 C. C. A. 42; Slacum v. Pomeroy, 6 Cranch, 221, 3 L. Ed. 204.

Remand, with directions to arrest the judgment, and render judgment for the defendants upon the pleadings.