---

## ROWAN v. WESTERN UNION TELEGRAPH CO.

(Circuit Court, N. D. Iowa, C. D. January 4, 1907.)

No. 267.

1. TELEGRAPHS—MESSAGES—DELAY IN DELIVERY—DAMAGES—MENTAL ANGUISH.

Damages for mental anguish, unaccompanied by physical injury, cannot be recovered against a telegraph company for its mere negligent failure to deliver a death message to plaintiff, by reason of which he was prevented from attending his sister's funeral.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Telegraphs and Telephones, §§ 69, 70; vol. 15, Damages, § 100.

Damages for mental suffering from delay in delivering telegram, see Chicago, R. I. & P. Ry. Co. v. Caulfield, 11 C. C. A. 571; Western Union Telegraph Co. v. Coggin, 15 C. C. A. 250; Western Union Telegraph Co. v. Morris, 28 C. C. A. 62.]

2. DAMAGES—MENTAL SUFFERING.

Damages for mental suffering are ordinarily allowable only where there has been a bodily injury causing physical pain, and the mental

suffering cannot be distinguished from the physical, or where there has been a malicious, intentional, or willful invasion of plaintiff's legal rights, when damages for mental suffering may be recovered, though there is no physical injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 100–103.]

3. TELEGRAPHS—MISTAKES—RIGHT OF ACTION.

Iowa Code 1897, § 2163, provides that the proprietor of a telegraph line is liable for all mistakes in transmission or for any unreasonable delay in transmission or delivery, and for all damages resulting from a failure to perform any duty required by law, the provisions of any contract to the contrary notwithstanding. *Held*, that such section did not create a right of action in the addressee of a death message to recover damages for negligent delay in the delivery where none existed before, and hence was ineffective to sustain a recovery of damages for mental anguish by such addressee, unaccompanied by any physical injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Telegraphs and Telephones, §§ 48–50, 69, 70.]

On Demurrer to Petition.

D. C. Chase, for plaintiff.
Wesley Martin, for defendant.

REED, District Judge. This action is to recover damages for mental anguish alleged to have been sustained by plaintiff because of the neglect of the defendant telegraph company to deliver to him at Webster City, Iowa, a telegram sent from Gibson, Ill., June 16, 1903, informing him of the death of his sister at that place, by reason of which neglect plaintiff says he was prevented from attending the funeral, and suffered great mental anguish because thereof, for which he asks judgment in the sum of $5,000. The defendant demurs to the petition upon the ground that mental anguish alone caused by mere neglect is not a basis for the recovery of damages; and that presents the only question for determination. The petition is defective in its statement of the facts, and the demurrer might well be sustained upon this ground alone. But it can be amended to allege the facts as above stated, and the question may be considered as if it was so amended.

The authorities upon this question are not in accord. Many of them are referred to in Mentzer v. Telegraph Co., 93 Iowa, 752, 62 N. W. 1, 28 L. R. A. 72, 57 Am. St. Rep. 294, and others in Cowan v. Telegraph Co., 122 Iowa, 379, 98 N. W. 281, 64 L. R. A. 545, 101 Am. St. Rep. 268, where it is held that damages for mental anguish, unaccompanied by bodily injury, may be recovered when it is caused by the mere neglect of another. It is freely admitted in the Mentzer Case that the general rule which has come down to us from England is that mental anguish resulting from mere neglect unaccompanied by injuries to the person affords no grounds for the recovery of damages, and that this is the general rule of to-day in all actions for breach of contract or for tort. The earliest departure from this rule seems to be the case of So Relle v. Telegraph Co., 55 Tex. 308, 40 Am. Rep. 805, decided in 1881, where it is held that the willful neglect of a telegraph company to deliver a message informing the plaintiff in that case of the death of his mother would warrant a recovery of damages for in-

jury to his feelings, where he was prevented by such neglect from attending the funeral. This case seems to be overruled in Railroad Co. v. Levy, 59 Tex. 563, 46 Am. Rep. 278, which, in turn, is practically overruled by Stuart v. Telegraph Co., 66 Tex. 580, 18 S. W. 351, 59 Am. Rep. 623, and the doctrine of the So Relle Case re-established; and the rule obtains in Tennessee (Telegraph Co. v. McCaul, 90 S. W. 856), Kentucky (Chapman v. Telegraph Co., 90 Ky. 265, 13 S. W. 880), North Carolina (Young v. Telegraph Co., 107 N. C. 370, 11 S. E. 1044, 9 L. R. A. 669, 22 Am. St. Rep. 883), and perhaps some other states as well as in Iowa. The reasons given for this departure are not persuasive. In the main, they are that the elasticity of the common law is such as will permit of the application of its principles to new conditions as they arise in the advancing civilization; that the telegraph is a public utility of modern invention, endowed by the state with special privileges, and charged with public duties; that neglect by its managers and operators in the performance of these duties may cause mental anguish to those it is required to serve; therefore the principles of the common law should be so extended as to permit the recovery of damages for mental anguish when it is caused by such neglect. As well might it be said that as the steam and electric railroads are public utilities of modern invention, endowed with like privileges and charged with public duties similar to those of the telegraph, neglect by their managers in the performance of these duties may be the cause of the death of many of those they employ and of those they are required to serve; therefore the principles of the common law should be so extended and applied as to permit of the recovery of damages for death caused by negligence in the operation of these powerful agencies of the new civilization. Such an application would have rendered unnecessary Lord Campbell's act (9 & 10 Victoria, c. 93), which provides that damages may be recovered for wrongfully causing the death of a person, and the statutes of the various states patterned thereafter. No doubt the principles of the common law may and should be applied to afford protection to new rights and redress for new wrongs as they may arise under new conditions. But mental anguish is older than the new civilization, and the negligent cause thereof has been the subject of frequent consideration by the common-law courts, and it is the settled rule of those courts that such anguish, when unaccompanied with bodily injury, is too intangible and too remote to form a basis for the recovery of damages, as clearly as it is their settled rule that the taking of human life cannot be made the basis of a civil action for damages. Railway Commissioners v. Coultas, 13 App. Cas. 222; Lynch v. Knight, 9 H. L. Cas. 577; Hobbs v. London S. W. Ry. Co., 10 Q. B. 122; Insurance Co. v. Brame, 95 U. S. 757, 24 L. Ed. 580.

"Damages for mental suffering are ordinarily allowable only: (1) Where there has been bodily injury causing physical pain, and the mental suffering cannot be distinguished from the physical, in which case it may be considered with the physical pain in determining the amount of recovery; (2) where there has been a malicious, intentional, or willful invasion of the legal rights of another, though it may be without physical contact, the natural result of which is mental

suffering, in which case damages may be allowed to the injured person, not alone as compensation for the injured feelings, but by way of punishment of the wrongdoer. Larson v. Chase, 47 Minn. 307, 50 N. W. 238, 14 L. R. A. 85, 28 Am. St. Rep. 370; Francis v. Telegraph Co., 58 Minn. 252, 59 N. W. 1078, 1079, 25 L. R. A. 406, 49 Am. St. Rep. 507; Railroad Co. v. Stables, 62 Ill. 313–321. In the last-mentioned case, it is said:

"The mental anguish not proper to be considered as an element of damages is where it is not connected with bodily injury, but is caused by some mental conception not arising from the physical injury."

The action of slander or libel is for injury to the character or reputation, and cannot be founded alone upon mental suffering. There must be some other damage alleged in such cases to state a cause of action. Lynch v. Knight, 9 H. L. Cas., above. Terwilliger v. Wands, 17 N. Y. 54, 72 Am. Dec. 420; Newell, Slander and Libel (2d Ed.) 863.

To permit of the recovery of damages for mental suffering alone is not the application of old principles to new conditions, but is the creation of a new right of recovery unknown to the common law as clearly as is the creation of a right of recovery for the killing of a human being. Such right, if it is to be created, is the province of the Legislature, and not of the courts. If the addressee of the delayed message may recover for his mental suffering, why may not his wife, sister, or mother, who resides with him, and for whose benefit it may also have been intended, and whose grief may be greater or sorrow deeper than his, also recover? Or, if the message has been timely delivered and the addressee has started by train to attend the funeral, but is negligently delayed by the railway company, so that he fails to reach his destination in time, why may he not recover for the mental anguish endured because of such delay? Wilcox v. Railway Co., 52 Fed. 264, 3 C. C. A. 73, 17 L. R. A. 804; Francis v. Telegraph Co., 58 Minn. 252, 59 N. W. 1078, 25 L. R. A. 406, 49 Am. St. Rep. 507. The mental suffering in such case, if any, is just as clearly the result of neglect as in the other. Other illustrations of the extent to which the departure may be carried, if it is permissible, may readily be suggested. The difficulty, if not impossibility, of separating the grief caused by the death of near relatives from that caused by inability to attend their burial, is obvious, and no rule has been formulated nor any suggested whereby the separation may be made and the effect or duration of each upon surviving relatives separately determined. The Texas court in which the new doctrine has its origin holds that such damages are not recoverable in that state when the message is sent from another, in which the right of such recovery does not exist; that the law of the state from which the message comes controls. Western Union Telegraph Co. v. Buchanan (Tex. Civ. App.) 80 S. W. 561. And the same is held in North Carolina. Bryan v. Telegraph Co. (N. C.) 45 S. E. 938. In Illinois, from where the message in question was sent, a right of recovery exists only in favor of the sender of the message to recover the price paid for its transmission, and nominal damages for the breach of the contract. Logan v. Telegraph Co., 84 Ill. 468. It would serve no useful purpose to further restate the reasons for denying the right of recovery in this class of cases. They are clearly stated in the fol-

lowing named cases: Telegraph Co. v. Saunders, 32 Fla. 434, 14 South. 148, 21 L. R. A. 810; Telegraph Co. v. Ferguson (Ind. Sup.) 60 N. E. 674, 54 L. R. A. 846, and cases cited; Francis v. Telegraph Co., 58 Minn. 252, 59 N. W. 1078, 1079, 25 L. R. A. 406, 49 Am. St. Rep. 507; Ward v. West Jersey R. Co., 65 N. J. Law, 383, 47 Atl. 561; Wilcox v. Railway Co., 52 Fed. 264, 3 C. C. A. 73, 17 L. R. A. 804; Telegraph Co. v. Wood, 57 Fed. 471, 6 C. C. A. 432, 21 L. R. A. 706; Western Union Telegraph Co. v. Sklar, 126 Fed. 295, 61 C. C. A. 281; Chase v. Telegraph Co. (C. C.) 44 Fed. 554, 10 L. R. A. 464; Crawson v. Telegraph Co. (C. C.) 47 Fed. 544; Tyler v. Telegraph Co. (C. C.) 54 Fed. 634; Kester v. Telegraph Co. (C. C.) 55 Fed. 603; Alexander v. Telegraph Co. (C. C.) 126 Fed. 445.

While the Court of Appeals for this circuit has not determined this precise question, it has held that mental pain and suffering alone, separable from that caused by bodily injury, may not be a basis for the recovery of damages. Railway Co. v. Caulfield, 63 Fed. 396, 11 C. C. A. 552; Southern Pacific Co. v. Hetzer, 135 Fed. 272, 68 C. C. A. 26, 1 L. R. A. (N. S.) 288. In the last-mentioned case the plaintiff was permitted to testify upon the trial that it distressed him mentally because other people looked down upon and seemed to shun him because of his crippled condition, which condition it was alleged was caused by the neglect of the railway company. In holding this to afford no ground for recovery, the court said:

> "In some states, notably in Wisconsin and Michigan, evidence of mental pain caused by disfigurement, apart from the physical suffering produced by an injury, is admissible to enhance the damages in an action for personal injury. * * * The rule which has been adopted by this court, however, and the rule which seems to us the better one, is that in actions for personal injury the plaintiff may recover for the bodily suffering and the mental pain which are inseparable and which necessarily and inevitably result from the injury. But mortification or distress of mind from the contemplation of the crippled condition and of its effect upon the esteem of his fellows, that mental pain which is separable from the physical suffering caused by the injury, is too remote, indefinite, and intangible to constitute an element of damages in such a case, and evidence of it is inadmissible. * * * Mental pain of this character, the suffering from injured feelings, is intangible, incapable of test or trial. The evidence of it, like that which convicted the alleged witches, rests entirely in the belief of the sufferer, and is not susceptible of contradiction or rebuttal. Many other causes, the education, temperament, and sentiment of the sufferer, the mental attitude, the acts and words of his friends and acquaintances, concur with the accident to cause this mental distress, in such a way that it is impossible to separate and ascribe the proper part of it to the injury caused by the defendant."

This seems to be a direct holding that mental anguish alone may not furnish a basis for the recovery of damages. There is greater reason for permitting such recovery in that class of cases than in this, for there the defendant may be liable for the crippled condition which causes such anguish, while here there is no possible ground for holding the defendant responsible for the death which is the primary cause of the alleged suffering.

Section 2163, Code Iowa 1897, is relied upon as authorizing a recovery for such damages. That section is as follows:

> "The proprietor of a telegraph or telephone line is liable for all mistakes in transmitting or receiving messages made by any person in his employment,

or for any unreasonable delay in their transmission or delivery, and for all damages resulting from failure to perform the foregoing or any other duty required by law, the provisions of any contract to the contrary notwithstanding."

The courts, in the absence of statutes, are not agreed upon the question of the right of an addressee of a message, who does not stand in any contract relation with the telegraph company, to recover damages sustained by him for the negligent failure to deliver the same; and this section only makes the company liable to any party who sustains damages because of such neglect. Herron v. Telegraph Co., 90 Iowa, 129, 57 N. W. 696. It creates no right of recovery for damages not before recognized as recoverable. Telegraph Co. v. Sklar, 126 Fed. 295–300, 61 C. C. A. 281; Francis v. Telegraph Co., 58 Minn. 252, 59 N. W. 1078, 1079, 25 L. R. A. 406, 49 Am. St. Rep. 507. The section was not regarded in either the Mentzer or the Cowan Cases, before mentioned, as giving the right of recovery there held to exist, and it would seem a strained construction to give it such effect.

The conclusion, therefore, is that the demurrer should be sustained, and it is so ordered.