### FRIEDLANDER v. POSTAL-TELEGRAPH CABLE CO.

(District Court, N. D. Ohio, E. D.   January 31, 1921.)

#### No. 10616.

1. **Courts ☞372(5)—Validity of limitation of liability for negligence in transmitting telegram is question of general law.**

   The right of a telegraph company to contract for a limitation of its liability for negligence in the transmission of an intrastate telegram, in the absence of any state statute, is a question of general jurisprudence, on which the federal courts are not controlled by the decisions of the state courts.

2. **Telegraphs and telephones ☞54(5)—Limitation of liability for transmitting unrepeated telegram valid.**

   In the absence of the statute to the contrary, a telegraph company can contract for limitation of liability for its negligence in transmitting an unrepeated telegram.

At Law. Action by Max Friedlander against the Postal-Telegraph Cable Company. On demurrer to the second defense of the answer. Demurrer overruled.

N. M. Greenberger and J. D. Hotchkiss, both of Akron, Ohio, for plaintiff.

Cook, McGowan, Foote, Bushnell & Lamb, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. Plaintiff demurs generally to the second defense of the answer. This defense pleads the usual lim-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

itation of liability of a telegraph company for damages due to negligence in transmitting unrepeated messages. In support of the demurrer it is urged that the message, being received in Cleveland to be transmitted to Akron, Ohio, is an intrastate message and is governed by the law of Ohio.

[1] This contention will be true only if there is in force a statute of Ohio declaring such conditions limiting liability null and void. There is no such statute in Ohio. Sections 9182, 9183, and 9185, G. C., are the only sections remotely bearing on this proposition, and they do not so provide. The decisions of the Supreme Court of Ohio, so far as they may be said to declare a rule of decision on the subject, are not binding on the United States courts, for the reason that the question involved is one of general jurisprudence, as to which the United States courts ascertain and declare the law for themselves, and not local law as to which the rule of decision of the state is adopted and followed. See Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; B. & O. R. R. v. Baugh, 149 U. S. 369, 13 Sup. Ct. 914, 37 L. Ed. 772; Western Union Telegraph Co. v. Sklar (6 C. C. A.) 126 Fed. 295, 61 C. C. A. 281.

[2] Defendant urges that Telegraph Co. v. Griswold, 37 Ohio St. 301, 41 Am. Rep. 500, which holds such a stipulation limiting liability for damages due to the negligent transmission of a telegram to be null and void, has been modified by B. & O. R. R. Co. v. Hubbard, 72 Ohio St. 302, 74 N. E. 214, holding valid stipulations limiting liability in a live stock contract, and by Western Union Telegraph Co. v. Wisner, decided by the State Court of Appeals of Lucas county, but not reported, holding valid such a stipulation in a telegram. Whether this is true, we need not inquire, since it is settled law in the United States courts that these stipulations are valid and binding, and, for the reasons above stated, declare the law, which must be followed in this court. Primrose v. Western Union Telegraph Co., 154 U. S. 1, 14 Sup. Ct. 1098, 38 L. Ed. 883; Western Union Telegraph Co. v. Sklar, supra.

The demurrer will be overruled. An exception may be noted.