## SCHWARTZ v. POSTAL TELEGRAPH CABLE CO.

*Telegraph companies—Stipulation on back of message binding —Agreement of telegraph employe to notify sender of nondelivery, void—Telegraph company not negligent in nondelivery—Sender absent from place of address.*

1. Since the Act of Congress of June 18, 1910, Section 7, placed telegraph companies under exclusive jurisdiction of Interstate Commerce Commission and authorized them to file tariff rates, agreement of person in charge of telegraph office to notify sender of nondelivery of message before 4 p. m. of day of receipt *held* not enforceable, in view of stipulation on back thereof that no employe was authorized to vary terms and conditions of transmission of messages.

2. Telegraph company *held* not negligent in nondelivery of message where nondelivery was due to plaintiff's absence from place of address.

(Decided September 20, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Gordon & Gordon,* for plaintiff in error.
*Messrs. Cook, McGowan, Foote, Bushnell & Burgess,* for defendant in error.

SULLIVAN, J. This cause comes into this court on proceedings in error from the municipal court of the city of Cleveland, and it is sought to reverse the judgment of that court rendered in favor of the defendant, Postal Telegraph Cable Company, and against Max A. Schwartz, of Philadelphia, Pa., the plaintiff below.

The plaintiff alleged in his statement of claim that on July 12, 1924, there was pending in the

municipal court of Cleveland certain litigation which had been specially assigned for trial on July 14, 1924, that it was necessary that plaintiff be present in person to attend said trial, and that plaintiff resided at Philadelphia, Pa.; that on July 12, 1924, said cause was continued until July 28, 1924, and then and thereupon plaintiff's counsel called at the Cleveland Office of the Postal Telegraph Cable Company and delivered to a person in charge of the office a message to plaintiff at Philadelphia, notifying him of the postponement of the trial to July 28, 1924; but it is alleged that, before delivering said message and paying the charges thereon, plaintiff's counsel inquired of the person in charge of the office whether he would receive notice of the failure to deliver the message and was informed that in case of failure to deliver said message the defendant would notify him not later than 4 p. m., July 12, 1924. Thereupon the message was paid for, and it is alleged that the defendant did not deliver the message, and failed, neglected, and refused to notify plaintiff's attorney, as it had contracted and agreed to do, and that thereby the plaintiff, being ignorant of the postponement of said cause, came from Philadelphia to Cleveland to try the cause as of July 14, 1924, and upon his arrival in Cleveland was notified by counsel that the cause had been continued until July 28, 1924, and that a message had been sent to him to that effect. Thereupon a suit was brought to recover his traveling expenses to Cleveland and his loss of time resulting from the alleged failure to deliver said message.

To this statement of claim there was filed a

statement of defense, admitting the receipt and transmission of the message, but denying the agreement with the person in charge of the office, and alleging that the message was not delivered, notwithstanding numerous attempts so to do, because of plaintiff's absence from the city, and that the place of his address was closed, all of which precluded the delivery of the message. There was also a denial of any negligence in any particular in the handling or transmission of the message.

From an examination of the record there is no credible evidence of any negligence rendering the defendant liable with respect to the receipt, transmission, or delivery of the message, and this situation dispenses with the question of law raised by counsel for plaintiff that there can be no contract limiting the liability of the telegraph company for the nondelivery of messages because of its own negligence. It is apparent from the record that as soon as the person in charge of the Cleveland office received notice from the Philadelphia office that, for the reasons above stated, the message could not be delivered, then and thereupon notification was given plaintiff through counsel, and there is no circumstance in the record that makes the telegraph company culpable, when it is undisputed that the plaintiff was absent from the city of Philadelphia at the time of the arrival of the message at its place of destination—the place of address stated on the message being closed precluded the delivery of the message at that time to plaintiff.

Thus the case must be considered not as one of limitation of liability for negligent acts, but as one presenting the question whether the company can

be held in damages, notwithstanding its contract, for the alleged agreement on the part of the person in charge of the Cleveland office to notify the plaintiff of the nondelivery of the message before four p. m., Saturday, July 12, 1924.

In the stipulation on the back of the message, in print, are the following words: "That no employee of this company is authorized to vary the foregoing." From a reading of the entire stipulation it appears clear that such an agreement as is sought to be enforced in this cause is not binding upon the company, especially in the absence of any act of negligence. That such stipulations as are printed on the back of the message are binding, and that the defendant had authority to make and enforce the same, cannot be questioned under the record in this particular case.

Under the Act of Congress of June 18, 1910 (36 Stats. at L., 544; Section 7884, Barnes' Fed. Code; Section 8563, U. S. Comp. Stats.), telegraph companies are placed under the exclusive jurisdiction of the Interstate Commerce Commission and are thus under the control of the federal government. The commission is given power, under the act, to authorize and direct telegraph companies to file public tariffs as to the conditions of transmission and rates. Such rates cannot be varied. If the accommodation sought by plaintiff from the person in charge of the Cleveland office was enforceable, it would be a discrimination in violation of this act of Congress. This is decided in the case of *Postal Telegraph-Cable Co.* v. *Warren-Godwin Lumber Co.,* 251 U. S., 27, 40 S. Ct., 69, 64 L. Ed., 118; and in the case of *Postal Telegraph-Cable Co.* v.

*Jones,* 7 Ohio App., 90, it is held that the conditions and stipulations on the back of the telegram are binding. These decisions are supported by *Western Union Telegraph Co.* v. *Dant,* 42 App. D. C., 398, L. R. A., 1915B, 685, Ann. Cas., 1916A, 1132.

In the case of *Postal Telegraph-Cable Co.* v. *Jones, supra,* the court says, at page 95:

"Following, therefore, the holdings of the federal courts and the state authorities approved by the federal courts, we reach the conclusion that the limitation of liability contained on the printed form of the night letter used in transmitting the message is valid and binding."

Further supporting these views are the following cases: *Gardner* v. *Western Union Telegraph Co.,* 231 F., 405, 145 C. C. A., 399; *Western Union Telegraph Co.* v. *Esteve Bros. & Co.,* 256 U. S., 566, 41 S. Ct., 584, 65 L. Ed., 1094; *Primrose* v. *Western Union Telegraph Co.,* 154 U. S., 1, 14 S. Ct., 1098, 38 L. Ed., 883.

In an opinion by Justice Holmes in *Western Union Telegraph Co.* v. *Czizek,* decided on March 10, 1924, 264 U. S., 281, 44 S. Ct., 328, 68 L. Ed., 682, the law was stated to be that the public are bound by the terms of the message contract.

In the case of *Friedlander* v. *Postal Telegraph-Cable Co.,* (D. C.), 271 F., 954, Judge Westenhaver, of the United States District Court for the Northern District of Ohio, held that it is well-settled law that the stipulations on the back of the telegram are valid and binding.

In any event, from the record of this case, it appears clear that the telegraph company used

due care, and substantially performed the terms of its contract with the plaintiff, and that the failure of delivery was due solely and wholly to the absence from the city of Philadelphia of the plaintiff, and to the closing of the place of his address in that city, and not to any act of omission or commission on the part of the defendant. It further appears that were the company liable for the act of the party in charge of the Cleveland office, even then there is no evidence of any negligence, for the reason that it appears from the record that the party in charge of that office notified the plaintiff's counsel of the nondelivery of the message in Philadelphia as soon as she received word Monday morning to that effect.

We do not find that there is any error of a prejudicial nature in the record, and, holding these views, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

LEVINE, P. J., and VICKERY, J., concur.